416 A.2d 546

**COMMONWEALTH of Pennsylvania**

v.

**Thomas Francis WAGNER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1979.

Filed Dec. 7, 1979.

Petition for Allowance of Appeal Denied July 21, 1980.

Edwin L. Guyer, Blue Bell, for appellant.

John T. Salvucci, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the charges against him should be dismissed because the Commonwealth did not comply with Pa.R.Crim.P. 51 and 62. We disagree and, accordingly, affirm.

On December 3, 1977, police arrested appellant for recklessly endangering another person, 18 Pa.C.S.A. § 2705, after a 10 mile chase on the highway. They brought appellant to the police station but, after deciding to drop the charge of recklessly endangering in favor of issuing a citation for violations of the Motor Vehicle Code, 75 Pa.C.S.A. § 101 et seq., released him from custody after about 2 hours. During that time, the officers did not question appellant and he did not make any statements. The investigating officer subsequently traced the route appellant had followed during the chase, prepared a report and, on December 5, 1977, filed with an issuing authority a citation charging appellant with violation of 12 provisions of the Motor Vehicle Code. At hearings held March 20, 1978, and April 5, 1978, appellant was found guilty of all violations charged.

Pa.R.Crim.P. 51 provides:

Rule 51.  Means of Instituting Proceedings in Summary Cases

A.  Criminal proceedings in summary cases shall be instituted in the following manner:

(1) Traffic Offenses (Other than Parking)

(a) Except as provided by subparagraphs A(1)(b) and (c), a citation shall be issued to the defendant by a police officer, who shall be in uniform, when the offense charged is a violation of a traffic ordinance or when it is a summary offense under the Vehicle Code;  or

(b) A citation (rather than a complaint) shall be filed with an issuing authority by a police officer when the offense charged is a violation of a traffic ordinance or is a summary offense under the Vehicle Code, when the police officer is not in uniform or when it is not feasible for him to issue a citation to the defendant, or when evidence is discovered after the issuance of a citation which gives rise to additional summary charges against the defendant resulting from the same incident. The issuing authority shall thereupon issue a summons and not a warrant of arrest except as provided in Section B(3) of this Rule. Thereafter, the case shall proceed as provided in Rules 57 and 59;  or

(c) For a summary offense under the Vehicle Code, the defendant may be arrested without a warrant only as provided in the Vehicle Code. Thereafter, the case shall proceed as provided in Rule 62. . . .

Thus, the Rule provides various procedures for instituting proceedings in summary cases involving traffic violations or summary offenses under the Motor Vehicle Code. Under subsection (A)(1)(a), the officer does not arrest the defendant for those infractions but issues to him directly a citation charging a violation. Under subsection (A)(1)(b), the officer again does not arrest the defendant but also does not issue to him a citation charging violations. Instead, when the officer is not in uniform, it is not practical for him to issue a citation to the defendant, or after discovered evidence gives rise to additional charges, the officer files a citation with an issuing authority. Subsection (A)(1)(c) provides that for summary offenses under the Motor Vehicle Code, the officer may arrest a defendant only as the Code permits, after which the case proceeds pursuant to Rule 62.

Appellant argues that, pursuant to Rule 51(A)(1)(c), he was arrested for a summary offense under the Motor Vehicle Code. Therefore, according to appellant, his case should have proceeded under Rule 62. That Rule states:

Rule 62. Procedure in Summary Cases Initiated by Arrest Without Warrant

When a defendant has been arrested for a summary offense without a warrant, he shall be taken without unnecessary delay before the proper issuing authority where a citation shall be filed against him. The defendant shall be given an immediate trial or, upon his request, the defendant shall be given the opportunity of posting security for his appearance at trial on a date which shall not be less than three (3) nor more than ten (10) days after his appearance, unless extended for cause shown, or unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with the consent of the police officer.

Appellant concludes that, because trial was not held within 10 days, the Commonwealth did not comply with Rules 51 and 62 and the charges should, as a result, be dismissed.

■ The error in appellant's argument is that he was arrested not for a summary offense under the Motor Vehicle Code, but for recklessly endangering another person, a misdemeanor. Thus, neither Rule 51(A)(1)(c) nor Rule 62 applied. The Commonwealth decided not to charge appellant with the crime for which he had been arrested. Accordingly, they charged him with summary offenses under the Motor Vehicle Code and proceeded under Rule 51(A)(1)(b).

■ Appellant argues that his arrest was for summary offenses under the Motor Vehicle Code simply because he was eventually charged with those offenses. We do not accept this strained interpretation. A person is not "arrested" for a particular crime simply because he is charged with the crime. Nothing in Rules 51 and 62 indicates that the nature of the arrest depends on the offenses eventually charged. Except, perhaps, where police do not act in good faith and attempt to avoid compliance with Rule 62 by effecting arrests for purported reasons differing from the true reasons for detention, the plain meaning of the subsection is that it applies only to persons arrested for offenses under the Motor Vehicle Code.

■ The question, then, is whether the Commonwealth complied with the relevant subsection of Rule 51. Subsection (A)(1)(b) provides that a police officer shall file with an issuing authority a citation for summary violations of the Motor Vehicle Code "when it is not feasible for him to issue a citation to the defendant." Here, in order to determine what offenses to charge, the investigating officer examined the route of the chase. Before he performed this act, it would not have been "feasible" for him to issue a citation to appellant either at the time of arrest or at the station. Moreover, the officer was not then planning to issue a citation for summary offenses under the Motor Vehicle Code; instead, acting in good faith, he arrested appellant for

committing a misdemeanor. For that reason, also, it was not then "feasible" for the officer to issue a citation under Rule 51. The officer filed his report promptly, the Commonwealth lodged its charges against appellant only 2 days after the incident and appellant does not allege that this delay unfairly caused him prejudice. Accordingly, this procedure constituted the strict compliance with Rule 51 required. *See generally Commonwealth v. Jonnet*, 265 Pa.Super. 315, 401 A.2d 1228 (1979); *Commonwealth v. Shelton*, 260 Pa.Super. 82, 393 A.2d 1022 (1978).*

Judgment of sentence affirmed.

---

\* Appellant does not allege that the Commonwealth failed to comply, as required under Rule 51(A)(1)(b), with Pa.R.Crim.P. 57 and 59.