## Commonwealth v. Shoener

*Beth S. Luce,* assistant district attorney, for the Commonwealth.

*Christopher R. McFarland,* for defendant.

BECKERT, *J.,* May 31, 1984.—Defendant has taken an appeal from a finding of guilty of the summary offense of violating section 3301 of The Vehicle Code. It is his contention that he falls within the exception to the requirement that all vehicles shall be driven on the right half of a roadway, as an obstruction existed which made it necessary for him to operate his vehicle to the left of center. See P.S. §3301(a)(2).

The testimony taken at the de novo hearing held before this court revealed that on July 28, 1983 two deputy sheriffs of the Bucks County Sheriff's Department were traveling in a westbound direction on Street Road through Warminster Township. The testimony further revealed that Street Road is a four lane highway with two lanes of travel in each direction, the eastbound and westbound traffic being separated by a raised medial strip. A blue Chevrolet pickup truck was traveling directly in front of the vehicle in which the two deputy sheriffs were seated.

Deputy Sheriff Devlin testified that he observed a Chevrolet truck cross over the medial strip to pass a tractor trailer which was proceeding in the same direction or westbound in the lefthand, passing lane

of Street Road. After passing this tractor trailer the Chevrolet pickup, which was operated by defendant, crossed back over the medial strip to again travel in the westbound lane. Deputy Sheriff Devlin further testified that the tractor trailer was in the act of slowing down when defendant's vehicle passed.

Defendant's vehicle was stopped and Deputy Sheriff Devlin contacted the Warminster Police Department which sent Officer Myron Cole to the scene. After investigating the matter and speaking with all parties involved, Cole issued a citation to defendant for driving on the wrong side of a public roadway. The undersigned found defendant guilty, dismissed the appeal and imposed a fine. Within the time allowed, motions for a new trial and in arrest of judgment were filed on behalf of defendant, raising the following issues:

1. Whether a slowing or stopping tractor trailer is an obstruction within the meaning of 75 P.S. §3301(a)(2); and

2. Whether summary proceedings may be instituted by the issuance of the citation where the police officer makes an on-scene investigation.

We have no difficulty in concluding that the first issue raised by defendant is completely devoid of merit. We realize that case law interpreting §3301(a)(2) does recognize an obstruction exception with limited circumstances for standing or parked vehicles. See Green v. Johnson, 424 Pa. 296, 227 A.2d 644 (1967), but we have found no such case to include an exception for a moving vehicle.

In the instant case all parties including the defendant testified that the tractor trailer was slowing down as the car in front of the tractor trailer was about to execute a left hand turn and therefore was stopped or was itself slowing down for that purpose.

As the tractor trailer was in fact moving it would not constitute an obstruction as set out in the above exception or as interpreted in the Green case.

Even if the tractor trailer had stopped to wait for the car which was attempting to make the left hand turn, the defendant's actions in swerving left and crossing over the medial strip in order to pass vehicles making or awaiting the left hand turn of another would not have been justified. Common sense dictates that the proper action on the part of the defendant would have been to either stop behind the tractor trailer or to pass that vehicle by use of the right hand lane.

The second proposition raised by the defendant does give us some difficulty. We agree with the defendant's position that a police officer may only institute criminal summary proceedings by the issuance of the citation where he witnesses the violation or conducts an on-scene investigation. Com v. Hatfield, 307 Pa. Super. Ct. 454, 453 A.2d 671 (1982). But it should be noted that in Hatfield the citation was issued on information received via a telephone call and no on-scene investigation was made. In the instant case Officer Cole came to the scene of the stopping, spoke to the deputy sheriffs in the presence of the defendant and received from them their account of what had occurred. The officer also spoke to the defendant who did not deny what they had said. We believe, as we are here dealing in technicalities, that this fact — that is, the on-scene investigation as opposed to the telephone report — is sufficient to distinguish this case from the Hatfield case, and accordingly find that Officer Cole acted properly under the instant circumstances in issuing the citation. For the reason heretofore stated we enter the following

### ORDER

And now, this May 31, 1984, defendant's motions in arrest of judgment and for a new trial are denied