## Commonwealth v. Mellott

*James M. Schall, district attorney,* for the Commonwealth.

*W. H. Snyder,* for defendant.

EPPINGER, *P.J.,* August 15, 1985—Quay Edward Mellott, defendant, was seen hunting by Deputy District Game Protector David T. Layton. Later District Game Protector Mark Crowder charged defendant with a violation of §316(a) of the Game Laws, 34 P.S. §1311.316(a), which makes it illegal to hunt without a license. Actually Mellott was hunting while his privilege to do so had been revoked, and this is covered by subsection (i) of §316. At the time Deputy Layton observed Mellott, the deputy was in full uniform.

Defendant appeared before the district justice of the peace and during the proceedings moved to dismiss the case because it had not been instituted under Pa.R.Crim.P. 51A(3) and because the citation was filed by Crowder who had not witnessed the events. The district justice of the peace overruled the motions and found defendant guilty. This is an appeal de novo where the same issues are raised.

In Commonwealth v. Patterson, 6 Franklin L.J. 59 (Fulton County, 1983),* we reviewed a practice

---

* The journal erroneously indicates this case was in the Franklin County Branch.

of the Pennsylvania State Police. On the turnpike a trooper might issue a citation, leave it at headquarters and then when any trooper went to the district justice of the peace, that trooper, even though not the one who issued the citation, would verify it. Relying on Commonwealth v. Hatfield, 307 Pa. Super. 454, 453 A.2d 671 (1982), where the court said: "Allowing a police officer to swear to facts of which he has no knowledge, either by direct observation or on-scene investigation is an anomaly we will not countenance." Hatfield, supra, at 458, 673. We dismissed the case.

Though there are minor variations between the Patterson case and this one, this issue is the same. Crowder's verifying the citation is not a defect in the form or content of the citation or a defect in procedures in the sense that it would be affected by Pa.R.Crim.P. 70, which provides such defects shall not be the cause for dismissing a case. Since the citation in this case was not properly verified, in effect, there is no citation and the case must be dismissed.

Since we have reached this conclusion, there is no need to discuss the other matters raised in this proceeding.

### ORDER OF COURT

August 15, 1985, the case is dismissed and defendant Quay Edward Mellott is discharged. The costs shall be paid by the County of Fulton. Any monies paid in by defendant shall be refunded by the appropriate authority.