## Commonwealth v. Gorecki

*Russell F. D'Aiello,* for the Commonwealth.
*Paul Malizia,* for defendant.

DAGHIR, *P.J.,* March 11, 1986—Defendant was charged with a violation of section 704 of the Game Law of June 3, 1937, P.L. 1225, as amended, 34 P.S. §1311.704, specifically the use of bait to attract bear. The case was heard before District Justice Alvin H. Brown, who found defendant guilty and im-

posed a fine of $400 plus costs. An appeal was taken by defendant from his summary conviction and hearing de novo was held on February 10, 1986. From the testimony, the court finds the following

## FACTS

On Sunday, November 18, 1984, District Game Protector Charles Joseph Carlos received word from a Mr. Shimmel who saw bait being put out by someone at 3:00 p.m. the day before in a wooded area in Gibson Township, Cameron County, Pa. The game protector went to the place described, which was approximately one-quarter mile from the nearest building, where he found atypical bear manure, pellets, and a tree stand directly over the area. The pellets, testified to as "bait" by Carlos, were scattered "all around the tree, under it and around it for about 45 feet, with more bait in the direction the 'stand' was facing." There were no defined animal trails. Defendant had been trapping for fox and had a number of fox traps throughout the area involved.

At about 7:30 the morning of November 19, 1984, the first day of bear season, defendant was seen in the tree stand by Deputy Game Protector Daniel Brehm. Defendant had a loaded .306 caliber rifle equipped with a 4x12 Redfield Scope, a typical bear-hunting weapon. The odor of molasses or something similar thereto emanated from defendant, enabling Game Protector Carlos to find him. Defendant stated he had been trapping there utilizing a deadfall set or sets, and that his traps had been stolen. Defendant admitted he was hunting bear to the game protector and later to the court at time of hearing.

A citation was not issued at the scene because Game Protector Carlos wanted to talk to other wit-

nesses made known to him by defendant as individuals who could verify that some or all of defendant's fox traps had been stolen.

Defendant took Game Protector Carlos to his camp a short distance away where, in an outbuilding, defendant showed him several steel-jawed traps, fox hides or pelts and a large quantity of the above-mentioned pellets in containers. It was not illegal at this time to trap fox or to utilize the pellets as bait for fox. Carlos was shown photographs (received into evidence) that indicated what defendant described as fox traps, and also pictures of foxes around the area(s) where he had distributed pellets, either at the scene of the incident or near his camp. One such picture also showed a bear feeding from a man-made container. Almost all of the pellets Game Protector Carlos saw on Sunday the 18th were gone on Monday the 19th.

Sometime later, after Carlos talked to the witnesses mentioned by defendant who did not verify stolen traps, Carlos filed the citation; the citation was not "issued to" defendant.

## ISSUES

Whether this case should be dismissed for failure to issue a citation to defendant.

Whether the material facts of this case fall under the prohibition of §704 of the Game Law.

## DISCUSSION

Pa.R.Crim.P. 51A(3), Other Offenses, applies in this case, Game Protector Carlos being a police officer within the meaning of Rule 51C. Therefore, a citation was to have been issued to defendant rather

than filed with the issuing authority unless valid reason exists under Rule 51A(3)(b).

Game Protector Carlos testified that he still had to talk to other witnesses identified by defendant, which was his reason for not issuing a citation. The only authority provided under (3)(b) for not issuing a citation under such facts is the provision that it was not feasible to issue the citation.

In support of defendant's motion pertaining to a dismissal of this case for failure to properly institute proceedings, the cases of Commonwealth v. Shelton, 260 Pa. Super. 82, 393 A.2d 1022 (1978), and Commonwealth v. Jonnet, 265 Pa. Super. 315, 401 A.2d 1228 (1979), are cited.

Defendant in his motion refers to Rule 51(4) when discussing the Shelton and Jonnet cases which have to do with private complaints by someone not a police officer; however, in this case, Game Protector Carlos is indeed a police officer as set forth in Rule 51C. Therefore, resort to Rule 51A(4) for relief cannot be had by this defendant.

The court is of the opinion that Pa.R.Crim.P. 70, in effect at the time of the alleged offense, modifies and drastically affects the Shelton and Jonnet holdings, and states that a defendant shall not be discharged nor a case dismissed because of a defect in the procedures described in "this chapter" unless defendant raises the defect before the conclusion of the summary trial and the defect is prejudicial to the rights of the defendant.

In fact, the comments to the rules point out that when case law [specifically Commonwealth v. Hadfield, 307 Pa. Super. 454, 453 A.2d 671 (1982)], decided before a rule (in this instance Rule 70), is inconsistent with the later adopted rule, the rule governs.

Further, the same discussion under citation procedure states that a citation is to be filed rather than issued in those cases where a witness is not present at the scene and the officer wants to question the witness before completing the investigation.

It is therefore the opinion of the court that the Rules of Criminal Procedure authorized the filing of this citation because there was no evidence offered disclosing prejudice nor does the court find any, and also because the officer desired to talk to other witnesses made known to him by defendant.

In Commonwealth v. Harsch, 71 D.&C.2d 25 (1975), Judge Kemp of Tioga County discussed whether the depositing of garbage or produce inedible by humans fits within the term "bait" and whether the use of that substance by defendant in that case constituted a violation of the same section of the Game Law involved in the instant case.

Judge Kemp denied counsel's argument that "bait" means something offered to entice, and that placement of the discarded produce by defendant was not done for the purpose of enticing.

We are in accord with the holding in the Harsch case that the word in this particular statute means any comestible which a wild bird or animal reasonably would be expected to eat, including but not limited to its natural foods.

Here, this defendant took advantage of the fact that the pellets were accessible to bear, and he admitted to having been hunting for bear while in the tree stand.

From these facts we can infer that defendant intended to use the pellets that he had placed in the area surrounding the tree stand for the purpose of bait.

We also adopt and apply to this case the holding in Commonwealth v. Favinger, Tioga County, 45 Misc. Division 1976, which states that where baiting is done before the open season so as to create an attraction after the season opens is in violation of the section involved. See also Commonwealth v. Terrette, Potter County, Criminal Division, 96 of 1979; Commonwealth v. Royer, Clinton County, no. 43-82.

We are of the unqualified opinion that this defendant was hunting bear in an area that he knew was baited and which bait he knew or should have known beyond a reasonable doubt was attractive and an enticement to bear.

## CONCLUSION

We hold that the pellets placed in this area by defendant constitute both bait and food within the meaning of §704 of the Game Law of 1937, and we hold further that the act of defendant in taking advantage of the placement of the pellets constitutes a violation of that statute, and accordingly, we enter the following

## ORDER OF COURT

Now, March 11, 1986, it is ordered and decreed that the determination of the guilt of defendant and the imposition of the fine and costs upon him by the district magistrate are affirmed. The appeal of defendant from his summary conviction is hereby dismissed with costs on defendant.