## Commonwealth v. Mixell

*James M. Schall, district attorney,* for Commonwealth.
*Stanley J. Kerlin,* for defendant.

WALKER, *J.,* MAY 12, 1986—In October 1985, defendant, John Jay Mixell, received by certified mail four citations for violations of the Vehicle Code. Defendant appeared at the summary trial on December 11, 1985, and was found guilty of all four violations. In his appeal to this court, defendant raised certain preliminary procedural defects, i.e., that the citations were not verified.

The issue presented is thus: when a citation for a traffic offense is mailed to a defendant and defendant appears at the summary trial, must the case be dismissed because the citation was not verified by the arresting officer?

The procedure upon issuance of a citation is found in Pa.R.Crim.P. 54(d), which states in part:

"An issuing authority before whom a citation is filed shall, *if proper response is not made in accordance with these rules by the defendant within the ten (10) days prescribed,* . . . [an officer shall] under oath attest to the facts contained in the citation previously filed." (emphasis supplied by the court)

Here, defendant "properly responded" by pleading innocent within 10 days of receiving the citation and by appearing for trial. As such, the complaint need not have been verified and defendant's motion to dismiss is denied.

Counsel for defendant invokes the Doctrine of Stare Decisis in urging the court to follow Commonwealth v. Patterson, 25 D.&C.3d 202 (1983), and Commonwealth v. Mellott, no. 15 of 1985 (Fulton County). Defendant's reliance on these cases is misplaced, they merely stand for the proposition that once a citation needs to be verified, it may not be sworn to by an officer who has no knowledge of the facts. See, Commonwealth v. Hatfield, 307 Pa. Super. 454, 453 A.2d 671 (1982). This prohibition was not violated in the instant case. The citation was never verified because defendant properly responded within ten days of its issuance.

Defendant's motion to dismiss is denied.

## ORDER OF COURT

May 12, 1986, defendant's motion to dismiss is denied.