## Commonwealth v. Hinerman

*Joseph A. Curcillo III*, assistant district attorney, for commonwealth.

*Ronald L. Collins*, for defendant.

CHERRY, S.J., June 5, 1986—Defendant has sought reversal of conviction upon a citation by reason of the fact, as alleged, a private complaint should have been filed as required by Pa.R.C.P. 51.

We are satisfied that his appeal must be sustained on the procedural requirements. This because of the decision made in the case of *Commonwealth v. Hatfield,* 307 Pa. Super. 454, 458, 453 A.2d 671 (1982). Rule 51 requires that a summary proceeding be instituted by the filing of a private complaint and not by filing of a citation in instances when the police officer has not witnessed the violation, nor made an on-scene investigation. In the instant case, the officer admittedly acted upon information supplied to him by one who did witness the violation. *Hatfield,* under circumstances like the present, determined that appellant in that case should be discharged under said rule. In that case the court declared, "Allowing a police officer to swear to facts of which he has no knowledge, either by direct observation or on-scene investigation is an anomaly we will not countenance."

The position taken by the commonwealth to the effect that because the committee carried a comment to the rule which comment was two years or so after the *Hatfield* decision should be followed rather than the *Hatfield* rule. However, the comment cannot displace the law already established by the *Hatfield* decision. This comment, even though we would recognize that the comment would appear to declare otherwise, the fact of the matter is that the *Hatfield* decision has not been reversed, not supplemented by any case thereafter decided. As a result, we determine that we are bound in the instant case to enter the following

## ORDER

Now, June 5, 1986, appeal is sustained; and it is ordered that any payment of fines and costs assessed by the magistrate be refunded and returned to the appellant.