**Commonwealth v. Hurst**

*John M. Shugars, deputy district attorney,* for the commonwealth.

*Robert H. Reese Jr.,* for defendant.

DOWLING, *J.,* January 12, 1987 — The modern Leviathan is neither a whale nor a ship of great size, but to motorists on our highways the speeding tractor trailer cutting in and out of traffic, tailgating, and totally ignoring the rights and safety of the occupants of passenger cars. Defendant's actions in this case are a prime example of this potentially deadly situation all too frequently seen on our highways.

On April 18, 1986, at approximately 3:30 p.m., Trooper Charles Mory of the Pennsylvania State Police was driving his vehicle northbound in the center lane of a three-lane area of Interstate 81. He was travelling at about the speed limit of 55 m.p.h. when defendant's tractor trailer passed him in the left lane and came upon another vehicle in that lane. The officer testified that the tractor trailer came right up on the motorist's rear bumper travelling in that manner for approximately two-tenths of a mile when he cut into the center lane attempting to pass the vehicle he had been tailgating. He then swerved back into the left lane cutting off the vehicle he was overtaking and causing it to break and swerve to the left to avoid a collision. The officer said that he thought defendant's actions were intentional and

that the driver of the automobile was placed in danger of serious bodily injury or possibly death when Trooper Mory pulled defendant over. He confirmed the intentional nature of his action by saying that he was tired of the manner in which the driver he had cut off was operating his vehicle.

Mr. Hurst was given a citation for reckless driving, found guilty by a district justice, and on appeal to this court in a de novo hearing was again found guilty. Due to the very serious nature of the offense, we changed the sentence of the district justice from a $35 fine to 30 days' imprisonment and a $300 fine. Upon our refusal to modify this sentence, an appeal was taken to Superior Court which is now considering the sentencing aspect of the case. We are concerned here with defendant's motion for a new trial based on the technical point that officer erred in having a citation issued rather than a complaint.

The problem arises because at the time defendant was stopped, Trooper Mory was off duty, not in full uniform, and operating his personal automobile. Defendant claims that the power to arrest was given to the trooper only when acting within the scope of his employment, and since he was off duty he was not within that scope and therefore had no authority to issue a citation but had to proceed by filing a complaint. He cites several rules of criminal procedure which were not in effect until July 1, 1986 (that is subsequent to the incident), which in a somewhat convoluted fashion he feels support his position. Primarily, however, he relies upon *Commonwealth v. Stahl*, 296 Pa.Super. 507, 442 A.2d 1166 (1982). In that case an off-duty officer had issued a citation for disorderly conduct. The commonwealth relied upon Pa.R.Crim.P. 51(C) which provides:

"For the purpose of this rule, a police officer shall be limited to a person who has by law been given

the powers of a police officer when acting within the scope of his employment. When the police power given by law is limited, a person is a police officer for purposes of this rule only when acting within the limits of such power."

The court noted that the section limits the arresting power to a person "given the powers of a police officer when acting within the scope of his employment" and interpreted this to mean that an off-duty policeman was not within the scope of his employment, and hence, did not have such authority. He was thus placed in the position of a private citizen who may not make an arrest for a summary offense.

However, our case dealt with an offense under the Vehicle Code that, although summary in nature, is specifically dealt with by another subsection of rule 51, i.e., 51(A)(1)(b) which provides:

"A citation (rather than a complaint) shall be filed with an issuing authority by a police officer when the offense charged is a violation of a traffic ordinance or is a summary offense under the Vehicle Code, when the police officer is not in uniform, or when it is not feasible for him to issue a citation to the defendant. . . ."

In *Commonwealth v. Hatfield,* 307 Pa. Super. 454, 453 A.2d 671 (1982), a summary proceeding was brought against a motorist for overtaking a school bus and the court held that the action against defendant should have commenced by the filing of a private complaint rather than by the filing of a citation where the police officer affiant neither witnessed the violation nor made an on-scene investigation. The rule from *Hatfield* appears to be that in summary traffic cases, process should be instituted by the filing of a private complaint where the police officer was not present on the scene, did not per-

form an on-the-scene investigation, and was engaging in charging defendant based on the infomation received from another person.

In the instant case, the protections afforded by requiring a private complaint are not necessary because a law enforcement officer personally observed the violations, took down all the necessary information at the scene and subsequently caused a district justice to issue a summons against defendant at a time when he was on duty to notify defendant of the charge against him.

The comments which accompany rule 51 relating to citation procedures were instituted to strongly disfavor "arrests" in cases where a defendant commits a summary violation. Because of the minor nature of most summary traffic offenses, the Legislature mandates that a citation procedure is to be followed instead of a complaint in all summary cases in which the affiant is a police officer.

To determine that the trooper in this case did not have the ability to cause a citation to be issued against the defendant would render the language of rule 51-A(1)(b) meaningless. The rationale for the existence of rule 51-A(1)(b) is to provide a proper procedure for those officers who are out of uniform or when special circumstances exist when it is not feasible to issue an on-the-scene citation against a particular defendant. It was not the intent to require off-duty police officers to institute process against a defendant for a summary traffic violation by the filing of a private complaint.

Accordingly, we issue the following

## ORDER

And now, this January 12, 1987, defendant's motion for new trial is denied.