679 A.2d 779

COMMONWEALTH of Pennsylvania

v.

Robert DOUGHERTY, Appellant.

Superior Court of Pennsylvania.

Submitted March 6, 1996.

Filed June 11, 1996.

Michael F. McCarthy, Philadelphia, for appellant.

Lee Janiczek, Asst. Dist. Atty., Springfield, for Commonwealth, appellee.

Before DEL SOLE and JOHNSON, JJ., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

This is an appeal from the judgment of sentence entered following appellant's conviction at a trial *de novo* for the summary traffic offense of failing to obey a stop sign.[1] We affirm.

The trial court has aptly explained the facts underlying this appeal in the following manner:

> On August 10, 1994, a traffic citation was issued charging that Defendant Robert Dougherty, on August 5, 1994, violated 75 Pa.C.S.A. § 3323(b), when the Defendant failed to stop at the stop sign at the corner of Grandview Road and Parkview Drive in Springfield Township, Delaware County. A hearing was held on September 28, 1994 before District Justice Sereni in Springfield Regional Court, and Defendant was sentenced to pay a fine and costs totalling Ninety–Seven Dollars and Thirty Cents ($97.30). Defendant appealed from said conviction to the Court of Common Pleas. On June 14, 1995, a hearing was held before the Honorable Kenneth A. Clouse, and the Court found Defendant guilty of the Summary Offense of Failure to Stop at Stop Sign and fined him Twenty–Five Dollars ($25.00) plus costs.

Trial Court Opinion filed October 24, 1995 at 1. Appellant's timely notice of appeal followed on July 14, 1995. Appellant properly filed no post-sentencing motions. *See* Pa.R.Crim.P., Rule 1410 D, 42 Pa.C.S.A. (there shall be no post-sentence motion in summary case appeals following a trial *de novo* in the Court of Common Pleas).

1. 75 Pa.C.S.A. § 3323.

The instant appeal identifies five issues for our consideration:

A. Rule 86(f) of the Rules of Criminal Procedure explicitly requires that charges arising under the Vehicle Code be dismissed absent testimony from a law enforcement officer.

B. Caselaw supports the reversal of a conviction for a Motor Vehicle Code violation where an officer did not witness the alleged offense.

C. Appellant was severely prejudiced as a result of permitting a police officer to commence criminal proceedings as a mere conduit for a private citizen.

D. Appellant was unfairly convicted on the testimony of a biased witness who's [sic] testimony raised an abundance of doubt.

E. The trial court's basis for conviction is fundamentally flawed.

We shall address these claims in the order raised.

■ Appellant first contends that Rule of Criminal Procedure 86(f) explicitly mandates the dismissal of charges arising under the Motor Vehicle Code unless a police officer appears at trial to testify against the defendant. We disagree with appellant's interpretation of this Rule. The specific language at issue is as follows:

> When a defendant appeals after conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard de novo by the appropriate division of the court of common pleas as the president judge shall direct. **In appeals from summary proceedings arising under the Motor Vehicle Code (Title 75 of Pennsylvania Consolidated Statutes)** or local traffic ordinances, other than parking offenses, **the law enforcement officer who observed the alleged offense must appear and testify.** Unless the presence of the law enforcement officer is waived in open court by the defendant, the failure of the officer to appear and testify shall result in a dismissal of the charges.

Pa. R.Crim.P., Rule 86(f), 42 Pa.C.S.A. (emphasis added). The plain language of the Rule indicates that a law enforcement officer must appear and testify in court only if he or she was the person who actually observed the offense charged while it was in progress. This rule is inapposite to a case in which the police officer never witnessed any infraction of the Motor Vehicle Code, but rather has issued a citation on the basis of information received from a witness.

■ In this case, Robert Gradle notified Officer Joseph Sadoff of the Springfield Township Police Department that on the morning of August 5, 1994, he was jogging in the area of Grandview Road and Parkview Drive in Springfield. At that time, Mr. Gradle observed appellant drive his Subaru through two stop signs. After interviewing Mr. Gradle, Officer Sadoff filed a citation charging appellant with failure to obey stop signs.

We agree with the trial court's apt assessment of the circumstances:

> [I]n the instant case, there was no police officer who observed the offense, only an officer who issued a citation on information received; in this instance, a lay witness actually observed the alleged offense. Rule 86(f), thus, is inapplicable to the instant situation. Said Rule, instead, is intended to compel the Appellant–Commonwealth to appear with the police officer who observed the alleged offense, where applicable, instead of having the Commonwealth request a continuance when the police officer fails to appear, thus making the parties come back to Court on another occasion.

Trial Court Opinion at 2. We agree with the trial court's conclusion that because the officer who issued the citation to appellant was not a witness to the offense charged, the officer's presence was not mandatory at appellant's trial pursuant to Rule 86(f).[2] Thus, appellant was not entitled to a dismissal on this basis.

2. We are aware of appellant's argument concerning the holding in *Commonwealth v. Hightower*, 438 Pa.Super. 400, 652 A.2d 873 (1995), *appeal denied*, 542 Pa. 632, 665 A.2d 467 (1995), which reversed a trial court's grant of a continuance because the police officer who issued the

■ Next, appellant contends that "caselaw supports the reversal of a conviction for a Motor Vehicle Code violation where an officer did not witness the alleged offense." Appellant's brief at 10. The thrust of the argument presented is that the issuance of the citation underlying appellant's conviction was rendered procedurally improper because Officer Sadoff never "appeared" to explain how and why he instituted the proceedings. Our research has uncovered no authority that either forbids a police officer to issue a citation on the basis of information received, or that requires the officer to appear at the defendant's trial to explain why he issued a citation under such circumstances.

■ The Rules of Criminal Procedure state that criminal proceedings in summary cases shall be initiated either by: "(a) issuing a citation to the defendant; or (b) filing a citation; or (c) filing a complaint; or (d) arresting without a warrant when arrest is specifically authorized by law." Pa. R.Crim.P., Rule 51, 42 Pa.C.S.A. The Rules contemplate that law enforcement officers shall ordinarily institute summary proceedings by citation. Pa. R.Crim.P., 52, 42 Pa.C.S.A. The "Comment" to Rule 55 indicates that a police officer is not required to directly witness the infraction underlying a particular citation:

A law enforcement officer may issue a citation based upon information that the defendant has committed a summary violation, which information may be received from a personal observation of the commission of the offense; a witness; another police officer; investigation; or speed-timing equipment, including radar. Contrast *Commonwealth v. Hatfield*, 307 Pa.Super. 454, 453 A.2d 671 (1982), decided before

summons failed to appear at the defendant's trial. The *Hightower* court concluded that the clear wording of Rule 86(f) requires charges to be dismissed if the officer fails to appear to testify, unless the defendant waives the officer's presence in open court. *Id.*, 438 Pa.Super. at 401, 652 A.2d at 873–74. However, the police officer in *Hightower* actually observed the defendant speeding, stopped the defendant, and issued a summons directly to the defendant. Therefore *Hightower* is not dispositive in the instant case because Officer Sadoff was not present when appellant was driving. Rather, Officer Sadoff issued the citation after the fact on the basis of an eyewitness report supplied by another person.

the adoption of previous Rule 70 (Defects in Form, Content, or Procedure—Summary Cases) and the 1983 revision of the previous Comment.

Pa. R.Crim.P., Rule 55, 42 Pa.C.S.A. ("Comment"). We agree with appellant that the explanatory "Comments to the Rules of Criminal Procedure" are not part of the Rules and have not been officially adopted or promulgated by the Supreme Court or the Superior Court. *See* "Comments" section preceding Chapter 1 of the Rules of Criminal Procedure. Nevertheless, the Superior Court is entitled to treat the "Comments" as effective aids and to consider them when interpreting the meaning of a particular Rule and any amendments thereto. *Commonwealth v. Boyce,* 304 Pa.Super. 27, 30 n. 3, 450 A.2d 83, 85 n. 3 (1982). *Accord Commonwealth v. Lewis,* 295 Pa.Super. 61, 440 A.2d 1223 (1982). *See also* 1 Pa.C.S.A. § 1939 (approving the use of Comments and Committee Reports when construing statutory language). As already explained, we have found no authority for the proposition that a police officer who was not an eyewitness, but who issued a citation on the basis of information received from a witness, must attend the defendant's trial and explain the hearsay statements and allegations underlying the citation.

▪ Appellant also argues that the holding in *Commonwealth v. Hatfield, supra,* requires that this case should have been dismissed because the only eyewitness to the incident was a lay person rather than a police officer. The *Hatfield* court held that a summary case must proceed by private complaint if no police officer observed the infraction. However, as the Comment to Rule 55 states, *Hatfield* was decided before the adoption of previous Rule 70, (now Rule 90) which addresses defects in summary cases. *See Commonwealth v. Glassman,* 359 Pa.Super. 230, 518 A.2d 865 (1986), *appeal denied,* 515 Pa. 574, 527 A.2d 535 (1987) (explaining that *Commonwealth v. Hatfield* has been superceded by changes to the Rules of Criminal Procedure). The presently controlling authority is Rule 90, which provides as follows:

**Defects in Form, Content, or Procedure—Summary Cases**

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of this Chapter, unless the defendant raises the defect before the conclusion of the summary trial and the defect is prejudicial to the rights of the defendant.

Pa. R.Crim.P., Rule 90, 42 Pa.C.S.A. The "Comment" to Rule 90 explains the purpose and effect of the Rule in more detail:

This rule is intended to clarify when a defendant should be discharged or a case dismissed because of a defect; it eliminates disputes as to what is an informal defect or a substantive defect. As a condition of relief regardless of whether the defect is in form, content, or procedure, the court or issuing authority must determine that there is actual prejudice to the rights of the defendant.

A complaint, citation, summons, or warrant may be amended at any time so as to remedy any defect in form or content that is not prejudicial to the rights of the defendant. Nothing in this rule shall prevent the filing of a new complaint or citation and the reissuance of process. Any new complaint must be filed within the time permitted by the applicable statute of limitations.

Ordinarily, if a defendant does not raise a defect at the summary trial, the defendant cannot thereafter raise the defect as grounds for dismissal or discharge at a later stage in the proceedings. However, the intent is not to preclude a defendant from raising a defect for the first time after the summary trial when the interests of justice require it, as for example, when the defendant was not represented by counsel during the proceedings before the district justice or when the defendant could not reasonably have discovered the defect until after the conclusion of the summary trial.

Rule 90, *supra* ("Comment").

The certified record in this case does not indicate whether appellant was represented by counsel at his summary trial. However, present counsel entered his appearance well before the trial *de novo*. Appellant thus had the opportunity to file a

motion prior to trial challenging the allegedly faulty procedure followed in this case. Moreover, appellant could have protested the procedural posture of the case at any point during his trial. We have thoroughly inspected the quarter sessions file and have scrutinized the transcripts forwarded to this court. The certified record simply contains no indication that appellant ever timely objected to the fact that the case was initiated by citation rather than by a private citizen's complaint. We must therefore conclude that Rule 90 prevents appellant from raising this claim for the first time on appeal. *See* Pa. R.A.P., Rule 302(a), 42 Pa.C.S.A. (issues not raised in lower court are waived and cannot be raised for the first time on appeal).[3]

The thrust of appellant's third argument is that Rule 90 does not apply to this case because appellant timely moved for dismissal of the charges pursuant to Rule 86(f) due to the absence of a police officer witness. Appellant invites us to hold that "the prosecution cannot possibly prove a stop sign violation 'beyond a reasonable doubt' if a law enforcement officer did not witness the alleged offense." Appellant's brief at 14. We agree with appellant that "the quantum of proof necessary to convict a defendant of a criminal violation is not a 'defect in procedure,' but rather a minimum evidentiary requirement placed on the prosecution,...." *Id.* However, appellant's argument in this regard has confused a "sufficiency of the evidence claim" with a challenge to a procedural defect leveled at the manner in which the Commonwealth commenced this case. Whether the prosecution can sustain its burden of proof with regard to the elements of the crime charged is a separate question from whether the Commonwealth was procedurally correct in filing a citation rather than accepting a private criminal complaint to initiate the case. Rule 86(f) pertains to the former issue, while Rule 90 controls

3. Rule of Criminal Procedure 1410 D has dispensed with the need to file a post-sentence motion in summary case appeals following a trial *de novo*. However, this alteration in the Rules of Criminal Procedure has not eliminated the duty to preserve issues by raising them in the trial court before or during trial. *See* Pa.R.Crim.P., Rule 1410 B(c), 42 Pa.C.S.A.

the latter claim. As we have fully addressed both questions, we shall not now revisit them.

■ Appellant also contends that the absence of Officer Sadoff deprived him of the right to confront the witnesses against him. However, appellant fails to acknowledge the fact that Officer Sadoff could *not* have testified as a witness against appellant since he never observed appellant driving on the day of the incident underlying this case. The most the police officer could have done is testify concerning his investigation of the citizen's report which resulted in his filing the citation against appellant. Any testimony by Officer Sadoff concerning appellant's alleged actions on the morning of August 5, 1994 would have been inadmissible hearsay. Mr. Gradle, the person who actually observed appellant driving, did testify at the trial and appellant was afforded ample opportunity to cross-examine him. We find no indication in the certified record that appellant was stripped of any constitutional rights.

■ Next, appellant argues that the verdict was against the weight of the evidence in that Mr. Gradle and appellant gave diametrically opposed explanations of the events underlying the charges at issue here. Ordinarily, a challenge to the weight of the evidence is waived unless it is presented in the first instance to the trial court. *Commonwealth v. Brown*, 538 Pa. 410, 434–40, 648 A.2d 1177, 1189–91 (1994). Preservation of this type of claim normally takes the form of a post-sentence motion. *See Commonwealth v. Widmer*, 446 Pa.Super. 408, 667 A.2d 215 (1995) (it was not adequate for appellant to raise his weight of the evidence claim in a statement of matters complained of on appeal because an election to file an immediate appeal rather than a post-sentence motion strips the trial court of jurisdiction to act on the case). However, a defendant convicted of a summary offense is precluded from filing any post-sentence motions. Pa. R.Crim.P., No. 1410 D, *supra.* Thus, appellant had no opportunity to preserve his weight of the evidence argument prior to filing his Statement of Matters Complained of on Appeal. It would be unjust to

deprive appellant of the right to raise this issue on the grounds that he failed to file a motion he was not entitled to file. We note, moreover, that the trial judge explicitly addressed credibility and weight of the evidence at the close of appellant's trial, and in his October 24, 1995 opinion. Because appellant's challenge to the weight of the evidence has been considered in the first instance by the trial court, we decline to find waiver.

■■■■ This Court has recently explained the proper standard of review applicable to a challenge to the weight of evidence:

A true "weight of the evidence" claim contends the verdict is a product of speculation or conjecture. Such a claim requires a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Ables*, 404 Pa.Super. 169, 590 A.2d 334 (1991) [, *appeal denied*, 528 Pa. 620, 597 A.2d 1150 (1991) ]. A decision regarding the weight of the evidence is within the sound discretion of the trial judge whose decision will not be reversed on appeal absent an abuse of that discretion. *Commonwealth v. Fox*, 422 Pa.Super. 224, 619 A.2d 327 (1993) [, *appeal denied*, 535 Pa. 659, 634 A.2d 222 (1993) ].

*Commonwealth v. Beckwith*, 449 Pa.Super. 433, 442, 674 A.2d 276, 281 (1996). Instantly, the trial court found that Robert Gradle provided credible testimony to the effect that on August 5, 1995 at approximately 6:17 a.m., he observed appellant drive a dark gray Subaru XT through two separate controlled intersections without either slowing or stopping for visible stop signs. Trial Court Opinion at 2–3.

The trial judge originally addressed the question of credibility and weight of the evidence at the close of appellant's trial:

Okay, I don't need any argument. I view this as a matter of total credibility. It's a question of Mr. Gradle says he ran the stop sign. He [appellant] says he didn't. However, in this case I see no reason why any citizen that had no prior contact at all with this individual would come in, take the trouble, and make up something that he went through a

stop sign. Accordingly, I find him credible and I find your client guilty.

N.T. 6/14/95 at 33–34. We find no basis in the certified record on which we could conclude that the trial court committed an abuse of discretion in resolving appellant's weight of the evidence claim in favor of the Commonwealth.

Finally, appellant contends that the trial court's basis for conviction is "fundamentally flawed" because the trial judge improperly interpreted Rule of Criminal Procedure 86(f). We have already addressed this argument and have concluded that it provides no relief for appellant. We see no need to reiterate our prior analysis and decline to do so.

Judgment of sentence affirmed.