J-S27037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KATRINA S. KELLY, | |
| Appellant | No. 2102 EDA 2016 |

Appeal from the Judgment of Sentence May 23, 2016
in the Court of Common Pleas of Lehigh County
Criminal Division at No.: CP-39-SA-0000035-2016

BEFORE:  GANTMAN, P.J., OTT, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                    **FILED APRIL 24, 2017**

Appellant, Katrina S. Kelly, appeals from the judgment of sentence entered following her conviction at a trial *de novo* for the summary offense of harassment.[1]  We dismiss.

The relevant facts and procedural history of this case are as follows. On January 19, 2016, a magisterial district judge convicted Appellant of harassment following a summary trial.  The judge sentenced her to a term of ninety days' probation, and ordered her to have no contact with the victim, a neighbor.  On January 26, 2016, Appellant filed a notice of appeal in the Lehigh County Court of Common Peas.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2709(a)(3).

On May 23, 2016, the trial court held a summary appeal hearing. At the conclusion of the hearing, the court found Appellant guilty of harassment and re-imposed the original sentence of ninety days' probation, and no contact with the victim. On June 2, 2016, Appellant filed a post-sentence motion, which the trial court denied on June 15, 2016. Appellant filed a notice of appeal on June 30, 2016.[2]

On appeal, Appellant challenges the weight and sufficiency of the evidence supporting her conviction. (*See* Appellant's Brief, at 16-30). However, as a preliminary matter, we must consider the propriety of this appeal. The trial court and the Commonwealth maintain that this appeal should be dismissed as untimely. (*See* Trial Court Opinion, 10/24/16, at 5-8; Commonwealth's Brief, at 7-8). Upon review, we agree.

The timeliness of an appeal implicates our jurisdiction, which "is vested in [this] Court upon the filing of a timely notice of appeal." *Commonwealth v. Nahavandian*, 954 A.2d 625, 629 (Pa. Super. 2008) (citation omitted). "[P]ursuant to Pa.R.Crim.P. 720(D), a defendant in a summary appeal case is not permitted to file post-sentence motions." *Commonwealth v. Dixon*, 66 A.3d 794, 797 (Pa. Super. 2013). Rule 720 provides, in pertinent part:

---

[2] Appellant filed a timely court-ordered concise statement of errors complained of on appeal on August 3, 2016. *See* Pa.R.A.P. 1925(b). The trial court entered a Rule 1925(a) statement on October 24, 2016. *See* Pa.R.A.P. 1925(a).

**(D) Summary Case Appeals.** There shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. **The imposition of sentence immediately following a determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal**.

Pa.R.Crim.P. 720(D) (emphasis added). Thus, under the plain language of the rule, "[t]he time for appeal in summary cases following a trial *de novo* **runs from the imposition of sentence**." ***Id.***, comment (emphasis added).

Here, because Appellant was not permitted to file a post-sentence motion in this summary case appeal, the appeal period began to run from the date her sentence was imposed, May 23, 2016. The filing of a motion for reconsideration of sentence in this context will not toll the thirty-day appeal period. Therefore, her notice of appeal, filed more than thirty days later, was untimely. ***See*** Pa.R.A.P. 903(a). Accordingly, we dismiss this appeal.[3]

Appeal dismissed.

_____

[3] We note that Appellant's reliance on ***Commonwealth v. Dougherty***, 679 A.2d 779 (Pa. Super. 1996), is misplaced, where the appellant in that case filed a **timely** notice of appeal within thirty days of the judgment of sentence and properly filed no post-sentence motions in the summary case appeal. ***See Dougherty***, ***supra*** at 781; (***see also*** Appellant's Brief, at 14).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/24/2017</u>