J-S25031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARIELIZABETH CROCKETT | : | |
| | : | |
| Appellant | : | No. 1851 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 30, 2019
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-SA-0000278-2019

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JUNE 30, 2020**

Appellant, Marielizabeth Crockett, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following her bench trial conviction for driving with a suspended license.[1]  We affirm.

The trial court opinion set forth the relevant facts and procedural history of this appeal as follows:

> On June 11, 2019, [Appellant] was at the home of Terri Hake…. [Appellant] was visiting her son, Hake's grandson. [Appellant] left Hake's home abruptly after an argument about the ownership of a sign in Hake's home.  Hake watched [Appellant] go to her car and pull away.
>
> [Appellant's] car was parked in front of Hake's home. [Appellant's] car was parked so that the passenger side of the vehicle was visible to Hake.  Hake testified that she had a clear view of [the] car.  Hake testified that she was able to see that [Appellant] "went to the other side of the vehicle,

---

[1] 75 Pa.C.S.A. § 1543(b)(1)(i).

and pulled away." As [Appellant] was not standing in the street when the vehicle left, she must have gotten into the vehicle on the driver's side. Aside from [Appellant's] son and Terri Hake, there were no other people present during the visitation. Hake testified that she did not see anybody else in the vehicle as it was pulling away.

Hake called the police after [Appellant] left because of the argument about the sign. Officer Tanner Tyson of Northern York County Regional Police Department responded to Hake's call. Officer Tyson conducted a routine license and warrant search of [Appellant], at which point he found out that [Appellant's] license was suspended; when asked by Officer Tyson, Hake was unaware of the license suspension. After Officer Tyson discovered the license suspension, he confirmed with Hake that she had observed [Appellant] enter the vehicle on the driver's side and the vehicle leave.

Officer Tyson followed up with [Appellant] about the incident at Hake's home. Officer Tyson testified that in response to his question about how she had gotten to work, [Appellant] "she kind of, you know, paused, stuttered and said that her boyfriend drove her." [Appellant] declined to identify her boyfriend to Officer Tyson. Officer Tyson was unable to corroborate [Appellant's] version of events with Derrick McLain as she refused to identify him at the time.

Derrick McLain, [Appellant's] boyfriend, testified that he was the one who was driving on June 11, 2019. McLain also testified that [Appellant] got into the vehicle in the passenger side.

\* \* \*

On June 14, 2019, Officer Tyson filed a traffic citation for Driving While BAC .02 or Greater While License Suspended. A summary trial was held on August 19, 2019, … at the conclusion of which [Appellant] was found guilty of the offense. [Appellant] was sentenced to 60 days of house arrest.

On September 9, 2019, [Appellant] filed a Summary Appeal with the York County Court of Common Pleas. … A Summary Conviction Appeal Hearing was held on October

30, 2019…. At the Hearing, the Commonwealth amended the charge from 1543(b)(1.1) to 1543(b)(1)[(i)], Driving While Operating Privileges Were Suspended—DUI Related, as there was no evidence that [Appellant] was intoxicated during this incident.

At the conclusion of the Hearing, [Appellant] was found guilty of Driving While Operating Privileges Were Suspended—DUI Related. The sentence of 60 days of house arrest was reimposed.

(Trial Court Opinion, filed December 11, 2019, at 1-4) (internal footnotes omitted).

Appellant timely filed a notice of appeal on November 12, 2019. On November 18, 2019, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed her Rule 1925(b) statement on December 9, 2019.

Appellant now raises one issue for our review:

Did the trial court abuse its discretion where the weight of the evidence was against the notion that [Appellant] entered the driver's seat and drove away from the witness's home while her license was suspended?

(Appellant's Brief at 4).[2]

---

[2] "Ordinarily, a challenge to the weight of the evidence is waived unless it is presented in the first instance to the trial court. Preservation of this type of claim normally takes the form of a post-sentence motion. However, a defendant convicted of a summary offense is precluded from filing any post-sentence motions." *Commonwealth v. Dougherty*, 679 A.2d 779, 784 (Pa.Super. 1996). *See also* Pa.R.Crim.P. 720(D) (stating there shall be no post-sentence motion in summary case appeals following trial *de novo*). Here, Appellant did not have the opportunity to file a post-sentence motion following the trial court's *de novo* review of her summary appeal. Consequently, we

On appeal, Appellant asserts the trial court should have credited Mr. McLain's testimony that he was the driver of the vehicle that departed from Ms. Hake's residence. In support of this assertion, Appellant emphasizes the court's statement that it did not find either witness lacking credibility.[3] Appellant also insists the trial testimony demonstrated that Ms. Hake could not fully see the vehicle. Further, Appellant claims Ms. Hake had an ulterior motive to lie. Specifically, Appellant notes she had been in a relationship with Ms. Hake's son, and they had a child together. Appellant contends Ms. Hake's son is now incarcerated, and Ms. Hake stood to gain custody of the child if Appellant was also incarcerated. Under these circumstances, Appellant concludes the verdict was against the weight of the evidence, and this Court must vacate her conviction. We disagree.

Our standard of review regarding challenges to the weight of the evidence is as follows:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether

---

decline to find Appellant's issue waived on this basis. *See Dougherty, supra* at 784-85 (declining to find weight issue waived on appeal following *de novo* review of summary offense; noting it would be unjust to deprive appellant of right to raise weight issue on grounds he failed to file motion he was not entitled to file; moreover, trial court explicitly addressed credibility and weight of evidence in its written opinion).

[3] Prior to announcing the verdict, the court stated, "I don't find anybody particularly lacking in credibility in this case, … neither Ms. Hake nor Mr. McLain." (N.T. Trial, 10/30/19, at 49).

the verdict was against the weight of the evidence. It is well settled that the [fact-finder] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the [fact-finder's] verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where facts and reference of record disclose a palpable abuse of discretion.

*Commonwealth v. Landis*, 89 A.3d 694, 699 (Pa. Super. 2014) (citation omitted).

We have further explained:

A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial court is to determine that notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice. A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict; thus the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.

*Id.* (citation omitted).

Additionally, the Motor Vehicle Code provides the following definition for driving while operating privilege is suspended or revoked:

**§ 1543. Driving while operating privilege is suspended or revoked**

* * *

**(b) Certain offenses.—**

- 5 -

(1) The following shall apply:

> (i) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1).

Instantly, Mr. McLain testified that he drove Appellant to Ms. Hake's residence on the date in question, and he waited in the vehicle while Appellant was inside. (*See* N.T. Trial at 32). Mr. McLain claimed that Appellant exited the residence, re-entered the passenger side of the vehicle, and he drove them away. (*Id.* at 33). In comparison, Ms. Hake testified that she watched Appellant leave the residence, walk around the vehicle to the driver's side, enter, and drive away. (*Id.* at 6). Ms. Hake saw no one else inside the vehicle, and she made her observations while looking out her garage window. (*Id.* at 6, 9).

Officer Tyson testified that he responded to a call regarding the incident at Ms. Hake's residence. (*Id.* at 17). Once he arrived at the scene, Ms. Hake told Officer Tyson that she saw Appellant drive away. (*Id.* at 19). Officer

Tyson conducted a routine license and warrant search and discovered that Appellant's license was suspended. (***Id.*** at 18). Officer Tyson subsequently contacted Appellant by telephone. (***Id.*** at 19). During this conversation, Appellant paused and stuttered when the officer asked the circumstances of her departure from Ms. Hake's residence. (***Id.***) Although Appellant claimed her boyfriend drove her to and from Ms. Hake's home, she would not provide her boyfriend's name. (***Id.*** at 20).

In light of the conflicting testimony, the trial court evaluated the credibility of the witnesses. Ultimately, the court found the testimony of Ms. Hake and Officer Tyson more credible than the testimony of Mr. McLain. (***See*** Trial Court Opinion at 9). Following our review, we discern no abuse of discretion in the court's decision regarding the weight it placed on the evidence presented at trial. ***See Landis, supra***. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/30/2020

- 7 -