J. S41023/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                             :         PENNSYLVANIA
                                             :
                      v.                          :
                                             :
RODNEY G. LAZROVITCH            :
          Appellant              :
                                             :       No. 2922 EDA 2015

Appeal from the Judgment of Sentence August 26, 2015
In the Court of Common Pleas of Pike County
Criminal Division No(s): CP-52-SA-0000021-2015

BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                **FILED JULY 07, 2016**

Appellant, Rodney G. Lazrovitch, appeals from the Judgment of

Sentence entered in the Court of Common Pleas of Pike County on August

25, 2015, after the trial court found him guilty of the summary offense of

Disorderly Conduct.[1]   After careful review, we affirm the sufficiency of the

evidence determination and conclude Appellant waived his challenge to the

weight of the evidence.

The trial court composed an accurate and detailed factual and

procedural history, which we adopt as our own.   Trial Ct. Op., filed

12/15/15, at 1-3.   In summary, Appellant attempted to purchase cigarettes

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5503(a)(1).

with his credit card and the store employee informed him that the store declined his credit card. Trial Ct. Op. at 2. Appellant checked his online account and saw that the charges were "pending." *Id.* at 3. Appellant became "irate," demanded that the store employee give him the cigarettes or a refund, yelled at other customers in the store, and exited and re-entered the store several times until the store clerk called the police. *Id.* at 2-3. Police cited him for Disorderly Conduct, and after a summary trial, the magisterial district court found him guilty. Appellant appealed to the Court of Common Pleas. The trial court held a trial *de novo* after which it denied Appellant's summary appeal, found him guilty of Disorderly Conduct, and sentenced him accordingly.

Appellant timely appealed to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1) Whether the verdict finding [Appellant] guilty of Disorderly Conduct was supported by sufficient evidence at summary trial.

2) Whether the verdict finding [Appellant] guilty of Disorderly Conduct was against the weight of the evidence at summary trial.

Appellant's Brief at 4.

Appellant first challenges the sufficiency of the evidence supporting his conviction for Disorderly Conduct. This is a question of law; the standard of review is *de novo* and the scope of review is plenary. *See Commonwealth v. Ratsamy*, 934 A.2d 1233, 1235 (Pa. 2007).

"When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Weiss*, 776 A.2d 958, 963 (Pa. 2001) (citation omitted). Further, the Pennsylvania Supreme Court has instructed:

> [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. . . . Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Ratsamy*, *supra* at 1236 n. 2.

The Honorable Gregory H. Chelak sitting as the trial court has authored a comprehensive, thorough, and well-reasoned opinion, citing to the record and relevant case law in addressing Appellant's first claim on appeal. After a careful review of the parties' arguments and the record, we affirm on the basis of the trial court's Opinion which concludes that: there was sufficient evidence to convict Appellant of disorderly conduct where Appellant concedes that he was in public, Appellant had the intent to create a public inconvenience or the risk of a public inconvenience, and Appellant's

behavior was tumultuous – specifically, demanding action from the store employee, yelling at customers, and returning to the store several times. *See* Trial Ct. Op. at 3-9.

Appellant's second claim challenges the weight of the evidence. Appellant's Brief at 4. Our standard of review is well settled:

> [W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa. Super. 2003) *quoting* *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. Super. 2003) (citations omitted).

A challenge to the weight of the evidence must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607(A)(1)-(3). As noted in the comment to this rule, "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Id.* cmt. If an appellant never gives the trial court an opportunity to provide relief then there is no discretionary act that this Court can review. *Commonwealth v. Thompson*, 93 A.3d 478, 491 (Pa. Super. 2014).

In summary case appeals, the Pennsylvania Rules of Criminal Procedure prohibit the filing of post-sentence motions. Pa.R.Crim.P 720(D) (stating that "[t]here shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal"). However, a defendant is still required to preserve a challenge to the weight of the evidence by raising it in the trial court through an oral or written motion prior to sentencing. ***Commonwealth v. Dougherty***, 679 A.2d 779, n.3; Pa.R.Crim.P. 607(A)(1)-(2).

In the instant case, the certified record indicates that Appellant failed to raise the issue in the trial court prior to sentencing.[2] Accordingly, we find that Appellant has waived his challenge to the weight of the evidence.

The parties are instructed to attach a copy of the trial court's Opinion to all future filings.

Judgment of Sentence affirmed.

---

[2] Moreover, in his Brief, Appellant failed to provide a "[s]tatement of place of raising or preservation of issues" for his weight of the evidence claim as required by Pa.R.A.P 2117(c) and Pa.R.A.P. 2119(e).

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2016

IN THE COURT OF COMMON PLEAS OF
PIKE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA, :

       Appellee, :

        :

v. : No. 21-2015-SA

        :

RODNEY LAZROVITCH, :

        :

       Appellant. :

---

## OPINION SUBMITTED PURSUANT TO PENNSYLVANIA RULE OF

## APPELLATE PROCEDURE 1925

AND NOW, this 15th day of December, 2015, after thorough review of the record, we continue to stand by our decision and respectfully request the Superior Court affirm our Order dated August 26, 2015. This Court would like to add, pursuant to Pennsylvania Rule of Appellate Procedure 1925, the following:

### FACTUAL AND PROCEDURAL HISTORY

This appeal stems from a Notice of Appeal filed by Rodney G. Lazrovitch ("Appellant") on September 23, 2015, appealing the Order denying his Summary Appeal issued by this Court on August 26, 2015. Appellant was original found guilty of Disorderly Conduct under 18 Pa. C.S.A. § 5503(a)(1) by summary trial in the magisterial district court, and that finding was entered on May 21, 2015. On August 26, 2015, in a final disposition after a summary appeal hearing, this Court found the Appellant guilty of Disorderly Conduct under 18 Pa.C.S.A. § 5503(a)(1).

The circumstances giving rise to the present issue occurred at approximately 2:00

P.M. in Blooming Grove Township, Pike County, at Tobacco Road, a store that sells tobacco products to the public. Trial Tr., 18, Aug. 26, 2015. A Tobacco Road employee testified that after a failed credit purchase by Appellant, despite the employee contacting the credit card company and the store's corporate office and relaying that she was not to give the Appellant either the $6.60 or a pack of cigarettes, the Appellant repeatedly demanded that she give him one or the other. *Id.* at 7, 9, 11. The employee described the Appellant as "upset" and "irate" and said that he spoke "louder than normal." *Id.* at 7, 13. The employee also stated the following: the Appellant refused to leave the store after his third entrance; he refused to quiet down when informed that she was calling the police; he only became quieter when told that his alternative was to leave the store while waiting for the police; and he only left when a police officer directed him to leave. *Id.* at 8, 17. The employee further testified that the Appellant was yelling back and forth with another customer, an elderly woman, during the Appellant's third appearance in the store. *Id.* at 9.

In addition, the employee testified that upon the Appellant's second time entering Tobacco Road, he yelled and, although he left upon request, he spoke loudly as he left and shortly returned. *Id.* at 14-15. The employee also testified that different amounts of customers were present during each of the Appellant's entries and that the customers could hear him *Id.* at 13, 18. The employee stated that she told the Appellant that she had to help other customers and that she could not comply with his demands. *Id.* at 15-16. She also said that she simultaneously waited on other customers and talked to Appellant, but during Appellant's third visit, another employee assisted customers while the witness-employee called the corporate office to inform them that she had to call the police. *Id.* at 18-20.

During the Appellant's testimony, this Court took notice of information contained

2

in a screenshot on the Appellant's cell phone of his PNC bank account that indicated both a $6.60 charge on March 12, 2015 at Tobacco Road and the word "pending." *Id.* at 31-32. The Appellant admitted to returning to the store a second time and to being upset and raising his voice when he returned, as well as leaving the store a second time and returning a third time. *Id.* at. 40, 42-43. The Appellant further admitted that during his third appearance in the store, he was upset, could not recall but may have cursed, and possibly remained in the store for "the better part of a half an hour." *Id.* at 44-45. He also admitted to raising his voice to a police officer, but only after being called an "asshole." *Id.* at p. 43.

Appellant now appeals the August 26, 2015 Order denying his Summary Appeal. The Appellant's Concise Statement asserts the following:

1. That "[t]he finding of guilt was against the weight of evidence and contrary to law."

2. The evidence establishes that the Appellant/Defendant, pursuant to his right of expression under the Constitutions of the United States and the Commonwealth of Pennsylvania, "reacted to being deprived of goods for which he had rightfully paid, and not with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof."

3. Based on the evidence, the Commonwealth of Pennsylvania did not meet its burden of proving beyond a reasonable doubt that the Appellant/Defendant violated 18 Pa. C.S.A. Section 5503(a)(1).

4. That the Appellant/Defendant is requesting a judgment of acquittal or new trial.

## STANDARD OF REVIEW

When examining a challenge to the sufficiency of evidence, the standard is whether,

3

viewing all evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find each element of the crime alleged beyond a reasonable doubt. *Commonwealth v. Orr*, 38 A.3d 868, 872 (Pa. Super. 2011). In applying this standard, a reviewing court may not weigh the evidence and substitute its judgment for that of the fact-finder. *Id.* at 872 (citing *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011)). A reviewing court is required to consider the evidence, together with all reasonable inferences therefrom, in the light most favorable to the verdict winner. *Olson v. Dietz*, 500 A.2d 125, 129 (Pa. Super. 1985) (citing *Claytor v. Durham*, 417 A.2d 1196 (Pa. Super. 1980)). An appellate court should only reverse a verdict when it is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Small*, 741 A.2d 666, 672-73 (Pa. 1999).

## DISCUSSION

Although Appellant's Concise Statement presents four matters, Appellant only presents three (3) issues for appeal. Because the three issues are interrelated and involve similar concepts of law, this Court will address them together. Because the Appellant's fourth matter presented is simply for requested relief, this Court will not address it.

A.     <u>The evidence presented at trial was sufficient to establish Appellant's conviction for Disorderly Conduct</u>

The issue is whether the evidence presented at trial was sufficient to establish Appellant's conviction for Disorderly Conduct where both witnesses presented somewhat conflicting but similar testimony regarding the volume at which the Appellant spoke, the Appellant's continued appearances in the store, the Appellant's repeated demands, and the Appellant's actual and potential disturbance of other customers in a place of business open to the public. This Court is of the opinion that the evidence presented at hearing and

4

weighed by this Court in this case is sufficient to establish Appellant's conviction.

Pursuant to 18 Pa.C.S.A. § 5503(a)(1),

[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
(1) engages in fighting or threatening, or in violent or tumultuous behavior.

The aforementioned statute further provides that "'public' means affecting or likely to affect persons in a place to which the public or a substantial group has access," including "places of business." 18 Pa. C.S.A. § 5503(c).

"The Commonwealth may sustain its burden of proving every element of a crime beyond a reasonable doubt" using "wholly circumstantial evidence." *Orr*, 38 A.3d at 872. The fact-finder may resolve doubts regarding the defendant's guilt unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the circumstances. *Id.* at 872. The fact-finder exclusively gives weight to the evidence and may freely believe all, some, or none of it and "determine the credibility of the witnesses." *Id.*, at 872-73, (citing *Commonwealth v. Small*, 741 A.2d 666, 672-73 (Pa. 1999)).

To determine a statute's meaning, a court must first determine whether the plain meaning of the statute's express language resolves the issue and may only abandon that rule if a contradiction of legislative intent ensues. *Commonwealth v. Fedorek*, 946 A.2d 943, 99-100 (Pa. 2008) (citing 1 Pa. C.S. § 1901, 1903, and 1921(b)). Under the Disorderly Conduct statute, if a defendant's words or acts "'cause or unjustifiably risk a public disturbance,'" then those words and acts constitute disorderly conduct. *Id.* at 100 (quoting *Commonwealth v. Hock*, 728 A.2d 943, 946 (Pa. 1999)). The main consideration is "'public unruliness which can or does lead to tumult and disorder.'" *Id.* at 100. The statute focuses on particular acts, like engaging in "tumultuous behavior," that, even if directed at

5

one person, violate the statute if such acts occur in a "public arena." *Id.* at 100 (quotations omitted). Even "the private melodramas of two or three people that also cause or create the risk of public disturbance" can sustain a conviction under the statute. *Id.* at 100.

The evidence clearly supports a finding that under the plain meaning of the statute, the Appellant's actions met the statute's "public" requirement. *Compare* 18 Pa.C.S.A. § 5503(c) *with* Trial Tr. at 18. As a store that sells tobacco products to the general public, the Court as factfinder could readily conclude that Tobacco Road is a place of business under the statute. *Compare* 18 Pa.C.S.A. § 5503(c) *with* Trial Tr. At 18. Furthermore, the presence of other customers who could hear the Appellant supports a finding that the Appellant's words and acts affected those persons while they were in a place of business. *Compare* 18 Pa.C.S.A. § 5503(c) *with* Trial Tr. at 13, 18. Even if the other customers had not been present, because Tobacco Road is near other businesses and it was approximately 2:00 PM, it seems reasonable to conclude that "louder than normal" speaking and arguing with a store clerk was "likely" to affect other persons. *Compare* 18 Pa.C.S.A. § 5503(c) *with* Trial Tr. at 8, 18. *See also Commonwealth v. Reynolds*, 835 A.2d 720, 732 (Pa. Super. 2003) (holding that creating a risk of disorder is as criminal as actually causing disorder). Because this Court as factfinder had exclusive freedom to give weight to the credibility of the store clerk's testimony that was neither weak nor inconclusive regarding the presence of other persons in a place of business, respectfully, the Appellate Court should not substitute its judgment for this Court's on the element of "public." *Orr*, at 872-73.

In addition to occurring in a public arena, the Appellant's actions clearly fall within the plain meaning of "tumultuous" under the statute. Merriam-Webster's Collegiate Dictionary, Tenth Ed., 1267 (2000), defines "tumultuous" as "marked by tumult" or

6

"marked by violent or overwhelming turbulence or upheaval." Merriam-Webster's also defines "violent" as "notably furious or vehement," *id.* at 1314, and defines "upheaval" as "extreme agitation or disorder" or an instance thereof. *Id.* at 1294. In addition, Webster's defines "tumult" as "any noisy and violent . . . disturbance." The New Lexicon: Webster's Encyclopedic Dictionary of the English Language, Deluxe Ed., 1061 (1989).

The Appellant's admissions of raising his voice while speaking to persons in the store, along with the clerk's testimony that Appellant was upset and irate, yelling, was speaking louder than normal, and could be heard by other customers, supports a conclusion that Appellant noisily, notably, and vehemently created a disturbance. *Compare* Trial Tr. at 7, 9, 13-15, 8 42-43 *with* Merriam-Webster's Collegiate Dictionary at 1267, 1294, and 1314 *and* Webster's Encyclopedic Dictionary at 1061. Based on the statute's clear and unambiguous language and the factfinder's leave to weigh evidence and determine the credibility of witnesses, even if the Appellant directing his words and acts at only three people, because he did so in a public arena and disturbed other customers, particularly the elderly woman, this Court had ample justification to convict under the statute. *Compare Orr*, 38 A.3d at 872-73 *with Fedorek*, 946 A.2d at 99-100.

Furthermore, even though the clerk testified that she continued to help other customers while addressing the Appellant, a factfinder could readily conclude that the Appellant's words and acts risked overwhelming the store clerk and creating disorder. *Compare* Trial Tr. at 18-19 *with* Merriam-Webster's Collegiate Dictionary at 1267, 1294 *and Reynolds*, 835 A.2d at 732. As the clerk testified, in order to continue normal business operations, a second clerk assisted customers while the first clerk called the corporate office and the police. Trial Tr. at 18-19. Even if the Appellant had not actually disrupted

7

normal business operations, this Court merely needed to find that the Appellant created a risk of such inconvenience, which the evidence supports. *Reynolds*, 835 A.2d at 732.

Finally, the evidence supports a finding that the Appellant had the requisite mens rea to be convicted of disorderly conduct. The Commonwealth may meet the statute's specific intent requirement by showing that the Defendant recklessly (e.g., consciously) disregarded a substantial and unjustifiable risk that his/her actions would cause public annoyance, inconvenience, or alarm. *Commonwealth v. Troy*, 832 A.2d 1089, 1094 (Pa. Super. 2003). Recklessness can also include a gross deviation from a reasonable person's standard of conduct in the same situation. *Id.* at 1094. Additionally, even if the Defendant intended "to send a message to a certain individual, rather than to cause public inconvenience, annoyance, or alarm," the requisite statutory intent can exist. *Id.* at 1094.

Although the Appellant may have initially directed his statements at the store clerk, his testimony shows an awareness of the presence of other persons in the store, particularly that of the elderly woman, with whom he argued. Trial Tr. at 37-39, 42, 44. Furthermore, both the Appellant's and the clerk's testimony support finding that the Appellant was aware that his words and actions disturbed at least the elderly woman. *Id.* at 8, 37-39. The presence of other customers and arguing of the Appellant testified to by both witnesses clearly supports a finding by this Court that despite an awareness of the actual and potential effects of his actions on the public, the Appellant consciously disregarded those effects. *Compare Troy*, 832 A.2d at 1094 *with* Trial Tr. at 8, 37-39, 42, 44. Such a conscious disregard of the effects and risks on one's actions satisfies the statute's mens rea requirement. *Troy*, 832 A.2d at 1094.

Alternatively, this Court could have found the necessary mens rea element by

8

finding that the Appellant grossly deviated from a reasonable person's standard of conduct in this situation. Arguably, after the employee called her corporate office and the credit card company and repeatedly relayed her inability to comply with the Appellant's demand, taken together with the "pending" notice on the bank app and the disturbance to other customers, a reasonable person in the Appellant's situation would have pursued a different avenue of relief, such as calling his bank or Tobacco Road's customer service. *See* Trial Tr. at 7, 9, 11, 31-32. Instead, in disregard of both his actions' effects on others and the employee's inability to meet his demand, until the police officer asked him to leave, the Appellant persisted in his course of action, even twice leaving and returning to the store to repeat his demand. *Id.* at 7, 9, 11. Respectfully, the Appellate Court should be able to see how, in weighing all of the evidence, this Court could readily have concluded beyond a reasonable doubt that the Appellant acted with a reckless state of mind. *Compare Orr*, 38 A.3d at 872 *and Olson*, 500 A.2d at 129 *with Troy*, 832 A.2d at 1094.

## CONCLUSION

Following thorough review of Appellant's Concise Statement of Matters Complained of on Appeal and the record in this matter, this Court continues to stand by its decision in this case and respectfully requests the Superior Court to uphold and affirm our Order of August 26, 2015.

BY THE COURT:

HON. GREGORY H. CHELAK,

cc:  Salvatore P.J. Vito, Esq.
    Pike County District Attorney
    Court Administration

wss

9