J-S58019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRY L. BLACK | : | |
| | : | |
| Appellant | : | No. 309 WDA 2018 |

Appeal from the Order February 2, 2018
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-SA-0000108-2017

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED OCTOBER 22, 2018**

Terry L. Black (Appellant) appeals from the trial court's order finding him guilty of the summary offense of driving on roadways lined for traffic, 75 Pa.C.S.A. § 3309.  We affirm.

During the early evening hours of March 13, 2017, Appellant was driving his tractor trailer eastbound on Route 422 in the right hand lane.  Appellant moved into the left lane when several vehicles ahead of him began to slow down preparing to make a right turn at the upcoming intersection.  After passing the intersection, Appellant began to move back into the right lane.  Matthew Walter, who was driving in the same direction in the right lane, was struck by Appellant's truck.  The force of the collision caused Walter's vehicle to spin across the highway and into oncoming traffic.  Walter's vehicle collided with a vehicle driven by Jasmine Kubistek, causing both drivers significant injuries.

Appellant was charged with violating 75 Pa.C.S.A. § 3309(1), driving on roadways laned for traffic – driving within single lane. He appeared before a magisterial district judge and was found guilty. On July 31, 2017, Appellant filed a timely appeal from the summary conviction. Following several continuances, a *de novo* trial was held before the trial court on February 2, 2018. Thereafter, the trial court convicted Appellant of the summary offense, and fined Appellant $25 plus court costs.

On March 1, 2018, Appellant filed a notice of appeal with this Court. The trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed his statement on March 23, 2018. The trial court issued its opinion pursuant to Pa.R.A.P. 1925(a) on April 13, 2018.

On appeal, Appellant raises the following issues for review:

I. Whether the [l]ower [c]ourt erred and abused its discretion by allowing irrelevant testimony of witnesses presented by the Commonwealth[?]

II. Whether the [l]ower [c]ourt erred and abused its discretion by failing to allow the [d]efense to properly cross examine Matthew Walters[?]

III. Whether the [l]ower [c]ourt erred and abused its discretion by failing to consider the possibility that there was an equally likely cause and therefore the Commonwealth failed to meet its burden of proof[?]

IV. That the [l]ower [c]ourt erred and abused its discretion by entering a verdict that went against the weight of the evidence presented by the [d]efense and the Commonwealth.

Appellant's Brief a 4 (trial court answers omitted).

Appellant's first two issues relate to evidentiary decisions made by the trial court. Our standard of review regarding evidentiary issues is as follows:

> "The admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes reversible error." **Commonwealth v. Sanchez**, 36 A.3d 24, 48 (Pa. 2011) (citations omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Commonwealth v. Hanford**, 937 A.2d 1094, 1098 (Pa. Super. 2007) (citation omitted), *appeal denied*, [] 956 A.2d 432 (Pa. 2008). Furthermore, "if in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error." **Commonwealth v. Weakley**, 972 A.2d 1182, 1188 (Pa. Super. 2009) (citation omitted), *appeal denied*, [] 986 A.2d 150 (Pa. 2009).

**Commonwealth v. Glass**, 50 A.3d 720, 724-25 (Pa. Super. 2012).

In his first issue, Appellant argues that the trial court erred in admitting the testimony of Jasmine Kubistek, describing the injuries she sustained in the March 13, 2017 accident. Specifically, Appellant contends that a description of Kubistek's injuries "was of no relevance to proving [Appellant] was allegedly making an improper lane change." Appellant's Brief at 8. Appellant argues that 75 Pa.C.S.A. § 3309(1) does not require evidence of injury, and thus Kubistek's testimony was irrelevant. **Id.**

During the trial, Appellant's counsel did not object to Kubistek's testimony regarding the injuries she sustained in the accident. It is well

settled that "a defendant's failure to object to allegedly improper testimony at the appropriate stage . . . constitutes waiver." ***Commonwealth v. Molina***, 33 A.2d 51, 56 (Pa. Super. 2011) (citing ***Commonwealth v. Redel***, 484 A.2d 171, 175 (Pa. Super. 1984). Here, although Appellant initially objected when Kubistek began describing the injuries she sustained in the accident, ***see*** N.T., 2/2/18, at 8, Appellant later withdrew his objection after the trial court overruled it. ***Id.***, at 8-9 (stating, "Judge, I'll withdraw my objection."). Thus, Appellant has waived his appellate challenge to Kubistek's remarks describing her injuries because counsel failed to preserve the objection to the remarks. ***See also Commonwealth v. Baumhammers***, 960 A.2d 59 (Pa. 2008) ("it is axiomatic that issues are preserved when objections are made timely to the error or offense"); ***Commonwealth v. Powell***, 956 A.2d 406, 423 (Pa. 2008) (absence of a contemporaneous objection below constituted a waiver of appellant's claim respecting the prosecutor's closing argument); Pa.R.A.P. 302(a).

In his second issue, Appellant argues that the trial court improperly prevented defense counsel from fully questioning Walter on cross-examination when it sustained the Commonwealth's objection. Appellant complains that the trial court erred by precluding defense counsel from questioning Walter about his thought process during the moments leading up to the accident. Appellant's Brief at 9-10. Appellant contends:

> [t]he line of questioning being directed towards Mr. Walters [sic] was designed to prove inconsistencies in his previous testimony.

If allowed to continue, the questions would have shown the potential that Mr. Walters [sic] was traveling at a speed in excess of his stated 55 miles per hour and was attempting to pass [Appellant] on the right.

Appellant's Brief at 10.

This argument is without merit. The record reflects that the trial court sustained the Commonwealth's objection during the following exchange:

[Defense counsel]: Jerk the wheel. Why would you jerk the wheel? Why didn't you just move over?

[Walter]: He was coming over into my lane.

[Defense counsel]: All right. And he was coming into another lane, but technically there were three lanes, were there not? The paved berm, your lane that you were in --

[Walter]: I did not feel that the paved berm --

N.T., 2/2/18, at 24.

The Commonwealth objected and the trial court sustained the objection for two reasons: Walter was not charged with a violation of the Vehicle Code, and thus whether he was speeding or attempting to pass in the right lane was of no consequence, and the questions by defense counsel were argumentative. *Id.* at 25.

We discern no abuse of discretion in the trial court's ruling. Evidence of Walter's thought process as Appellant's truck began to veer into his lane is not relevant to whether Appellant is guilty of Section 3309. Moreover, as the Commonwealth points out, "[d]efense [c]ounsel was free to rephrase his question/questions and to continue with his cross-examination of the witness and did in fact continue with cross-examination after the objection was

sustained." Commonwealth Brief at 7. Based upon our review of the record, particularly the transcript, it is clear that defense counsel had ample opportunity to cast doubt on Walter's testimony. The trial court's decision to limit Appellant from eliciting irrelevant testimony regarding Walter's thought process was not an abuse of discretion. Accordingly, this claim does not merit relief.

Appellant's third and fourth issues are related and we therefore address them together. Appellant argues that the trial court erred in finding the testimony of the Commonwealth's witnesses to be more credible than Appellant's testimony. Appellant's Brief at 11-14. In addition, Appellant asserts that the verdict was against the weight of the evidence due to the "inconsistent or inconclusive statements by the primary witness of the Commonwealth, and their other two witnesses simply testified to the extent of their injuries, not that [Appellant] failed to safely merge." *Id.* at 14. Appellant's issues challenge the weight of the evidence supporting his conviction. *See Commonwealth v. Lopez*, 57 A.3d 74, 80 (Pa. Super. 2012) (stating that a challenge to the credibility of a witness is a challenge to the weight of the evidence).

It is well-settled that an appellant must preserve a challenge to the weight of the evidence before the trial court by raising it in a motion for a new trial – either orally or by written motion – or in a post-sentence motion. *Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013) (citing *Commonwealth v. Priest*, 18 A.3d 1235, 1239 (Pa. Super. 2011); *see also*

Pa.R.Crim.P. 607(A). We note that a defendant appealing a summary offense in the court of common pleas is precluded from filing a post-sentence motion. *See* Pa.R.Crim.P. 720(D). Although Rule 720(D) prevents preservation of a weight of the evidence claim by means of a post-sentence motion in a summary case, it does not vitiate the defendant's responsibility to preserve such a challenge, and Rule 607 provides that a defendant may do so by presenting the trial judge with a motion for a new trial. ***See Commonwealth v. Dougherty***, 679 A.2d 779, 784-85 (Pa. Super. 1996) (finding appellant's summary appeal challenge to weight of the evidence preserved where the "trial judge explicitly addressed . . . weight of evidence at the close of appellant's trial" in the absence of post-sentence motions). Here, Appellant failed to raise his weight claim before the trial court as mandated by Rule 607. Accordingly, Appellant's third and fourth issues are waived.

Order affirmed.

Judge Olson and P.J.E. Ford Elliott concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2018