J-A03029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NICHOLAS RYAN LAMPHERE | |
| Appellant | No. 558 MDA 2019 |

Appeal from the Judgment of Sentence March 6, 2019
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-SA-0000313-2018

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:          **FILED: APRIL 6, 2020**

Appellant, Nicholas Ryan Lamphere, appeals from his judgment of sentence of $25.00 plus court costs for driving at an unsafe speed.[1]  Appellant raises challenges to the sufficiency of the evidence and weight of the evidence. We affirm.

The trial court accurately summarized the factual and procedural history as follows:

> On May 9, 2018, a vehicle crash occurred at the intersection of West Swartzville Road and North Reading Road in East Cocalico Township.  Prior to the crash, Thomas Rupp was driving his Ford F-350 down Swartzville Road when [Appellant], driving a motorcycle, pulled out in front of him very quickly.  Mr. Rupp was forced to slam on his brakes to prevent a crash.  [Appellant] sped down the road in the same direction Mr. Rupp had been travelling. Angry, Mr. Rupp sped after [Appellant] "hoping [to] catch him at the light" and "give [him] a piece of [his] mind."  Although the speed limit on Swartzville Road is 40 miles per hour[,] and despite

---

[1] 75 Pa.C.S.A. § 3361.

traveling at 50 miles per hour, Mr. Rupp was unable to catch up with [Appellant] and in fact fell further and further behind. Mr. Rupp saw [Appellant] crest the hill just before the intersection with North Reading Road and then lost sight of him.

Kristy Hernandez was driving the opposite direction on Swartzville Road and moved into the turning lane to turn left at the intersection with North Reading Road. On the other side of the intersection, there is a slight hill that levels out before the light. Mrs. Hernandez waited in the intersection for several oncoming cars to pass. As the light turned yellow, Mrs. Hernandez checked to ensure the roadway, including the hill, was clear before turning left. The road was clear and nothing obstructed her view. After she began her turn, [Appellant] crested the hill, sped toward the intersection, and crashed into the rear passenger side of Mrs. Hernandez's vehicle. Police were called to the scene and emergency medical personnel attended to [Appellant]. After speaking with three witnesses, Officer Steven Walsh of the East Cocalico Township Police Department issued a citation to [Appellant] for Driving at Safe Speed.

A hearing was held in front of Magisterial District Judge Nancy Hamill who found [Appellant] guilty of the offense. [Appellant] subsequently filed a summary appeal and following a hearing on the same, confirmed Judge Hamill's decision. [Appellant] thereafter filed a timely appeal of my decision.

Trial Court Opinion, 6/27/19, at 1-2 (citations omitted). Both Appellant and

the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues in this appeal:

A. DID THE LOWER COURT ERR IN FINDING [APPELLANT] GUILTY OF 75 PA.C.S.A. § 3361, DRIVING VEHICLE AT SAFE SPEED, WHERE THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO ESTABLISH BEYOND A REASONABLE DOUBT THAT [HE] OPERATED HIS VEHICLE AT A SPEED GREATER THAN WAS REASONABLE AND PRUDENT UNDER THE CONDITIONS AT WEST SWARTZVILLE ROAD AT NORTH READING ROAD, AS ALLEGED IN THE CITATION, WHERE THE ONLY EVIDENCE CONCERNING [HIS] SPEED AT THAT LOCATION ESTABLISHED THAT [HE] WAS DRIVING CAREFULLY, AT "NORMAL SPEED," AND THE OPPOSING VEHICLE TURNED ACROSS [HIS] TRAVEL LANE?

B ALTERNATIVELY, DID THE LOWER COURT ABUSE ITS DISCRETION IN REVIEWING THE WEIGHT OF THE EVIDENCE BY RENDERING CONCLUSIONS THAT WERE MANIFESTLY UNREASONABLE, NOT SUPPORTED BY COMPETENT EVIDENCE AND RESULTED IN A VERDICT THAT SHOCKS ONE'S SENSE OF JUSTICE?

Appellant's Brief at 5.

Appellant first challenges the sufficiency of the evidence underlying his conviction for driving at an unsafe speed. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Colon-Plaza*, 136 A.3d 521, 525–26 (Pa. Super. 2016). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. *Commonwealth v. Tejada*, 107 A.3d 788, 792–93 (Pa. Super. 2015). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. *Commonwealth v. Crosley*, 180 A.3d 761, 767 (Pa. Super. 2018). As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the

fact-finder. ***Commonwealth v. Rogal***, 120 A.3d 994, 1001 (Pa. Super. 2015).

> The Vehicle Code prescribes:
>
> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive **at a safe and appropriate speed when approaching and crossing an intersection** or railroad grade crossing, when approaching and going around a curve, **when approaching a hill crest**, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

75 Pa.C.S.A. § 3361 (emphasis added). It is well-settled that

> drivers owe each other a duty to drive carefully, and the "assured clear distance rule," based upon 75 Pa.C.S.A. § 3361, requires a driver to be able to stop safely within the distance the driver can clearly see. ***Levey v. DeNardo***, 725 A.2d 733, 735 ([Pa.] 1999) ("[T]he assured clear distance ahead rule ... requires a driver to control the speed of his or her vehicle so that he or she will be able to stop within the distance of whatever may reasonably be expected to be within the driver's path").

***Davis v. Wright***, 156 A.3d 1261, 1271 (Pa. Super. 2017).

Viewed in the light most favorable to the Commonwealth, the evidence demonstrates that Rupp was driving behind Appellant at fifty miles per hour, ten miles per hour over the speed limit, yet he fell further and further behind Appellant. Rupp last saw Appellant as Appellant's motorcycle crested the hill and continued toward the intersection. Officer Walsh of the East Cocalico Police Department testified that the distance from the crest of the hill to the

intersection was 200 to 250 feet. At the intersection, Hernandez checked that the roadway, including the hill approaching the intersection, was clear before turning left. Despite Hernandez's precautions, Appellant crashed into the rear of her vehicle, causing substantial vehicle damage.

This evidence demonstrates a clear violation of Section 3361. Rupp's testimony establishes that Appellant was driving well above the speed limited as he crested the hill. Hernandez's testimony establishes that the oncoming lane (Appellant's lane of travel) was clear when she began her turn at the intersection. Despite Hernandez's precautions, Appellant's motorcycle struck her vehicle, causing substantial vehicle damage. This evidence shows that Appellant was not "able to stop safely within the distance [he could] clearly see" when he crested the hill and approached the intersection. *Davis*, 156 A.3d at 1271. Under Section 3361, he was not driving at a "safe and appropriate speed when approaching . . . [the] intersection." *Id*.

Accordingly, Appellant's challenge to the sufficiency of the evidence fails.

Appellant also contends that the verdict is against the weight of the evidence. We disagree.

Preliminarily, we address whether Appellant preserved his weight claim for appeal. Pa. R.Crim.P. 607(A) provides that a claim a verdict was against the weight of the evidence shall be raised a) orally, on the record, at any time before sentencing, b) by a written motion at any time before sentencing, or

c) in a post-sentence motion. However, Pa.R.Crim.P. 720(D) provides that there shall be **no** post-sentence motions in summary case appeals following a trial *de novo* in the court of common pleas. The imposition of sentence immediately following a guilt determination at the conclusion of the trial *de novo* constitutes a final order for purposes of appeal. *Id.* Here, Appellant had no opportunity to challenge the weight of the evidence prior to or during sentencing, because at the conclusion of trial, the court announced the verdict, immediately imposed sentence, and adjourned the proceedings. N.T., 3/6/19, at 67 ("I've come to the conclusion that based on the circumstances then and there existing that the defendant has been proven guilty beyond a reasonable doubt for a violation of the unsafe speed statute, and the fine is $25. Fine plus costs. Thank you"). Appellant challenged the weight of the evidence in his concise statement of matters complained of on appeal, the first opportunity he had to raise this challenge. The trial court proceeded to address this weight claim in its 1925(a) opinion, thus providing this Court a basis for appellate review. Under these circumstances, principles of fundamental fairness and equal administration of justice demand that Appellant, like similarly situated litigants in other criminal cases, be treated in the same fashion and be afforded an opportunity to raise a weight claim before the trial court. *See In re J.B.*, 106 A.3d 76 (Pa. 2014)(appellant did not waive his weight claim in juvenile court proceedings where juvenile rules were utterly silent as to how the claim must be presented to a juvenile court and

the weight claim was raised in appellant's Pa.R.A.P. 1925(b) statement). It would be unjust to deprive appellant of the right to raise his weight claim following conviction at a trial *de novo* for summary offense on grounds he failed to file a motion he was not entitled to file. ***Commonwealth v. Dougherty***, 679 A.2d 779 (Pa. Super. 1996). Accordingly, we conclude that Appellant preserved his objection to the weight of the evidence.

Our Supreme Court has instructed:

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citing ***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000)).

The trial court stated in its opinion:

Here, the verdict does not shock any sense of justice. Testimony from two civilian witnesses corroborate that [Appellant] was driving faster than was safe on West Swartzville Road. Based on Mr. Rupp's testimony, shortly before the accident [Appellant] was driving over 50 miles per hour, 10 miles per hour over the speed limit. Mrs. Hernandez checked for a clear road before making her turn, and the severe damage to her vehicle supports the finding

that [Appellant] was driving at an unsafe speed. The only evidence presented in support of [Appellant]'s claim was that of Mr. DiMatteo, who did not have a clear view of the road before witnessing the crash. Based on this, and all other evidence presented at trial, my finding that [Appellant] was not driving at a safe speed is reasonable and does not shock any sense of justice such that the verdict should be overturned.

Trial Court Opinion, 6/27/19, at 5.

Having considered the trial court's findings and reasoning, we conclude that it acted within its discretion by rejecting Appellant's challenge to the weight of the evidence. Appellant's second issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/06/2020