J-S08044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JORDAN ALLYN SCHOOLEY | : | |
| Appellant | : | No. 1101 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 30, 2020
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-SA-0000030-2020,
CP-28-SA-0000031-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JORDAN ALLYN SCHOOLEY | : | |
| Appellant | : | No. 1102 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 30, 2020
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-SA-0000030-2020,
CP-28-SA-0000031-2020

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 15, 2021**

---

[*] Former Justice specially assigned to the Superior Court.

Appellant Jordan Allyn Schooley appeals from the Judgment of Sentence entered in the Court of Common Pleas of Franklin County on July 30, 2020, following his convictions of two counts of Driving While Operating Privilege is Suspended or Revoked.[1] We affirm.

Appellant was charged with two counts of Driving While Operating Privilege is Suspended or Revoked at separate dockets as a result of two, distinct incidents that occurred on March 8, 2020. On May 29, 2020, a summary trial pertaining to both dockets was held in Appellant's absence. Consequently, Appellant was found guilty of both charges. Appellant retained counsel, and counsel filed a summary appeal to the Franklin County Court of Common Pleas. A Summary Appeal Hearing *de novo* was held on July 30, 2020, following which Appellant was again found guilty of both charges.

Appellant filed a timely notice of appeal on August 25, 2020, and in its Order entered on August 26, 2020, the trial court directed Appellant to file a concise statement of the matters complained of on appeal. Appellant filed the same on September 16, 2020, and raised therein challenges to the sufficiency and weight of the evidence. The trial court filed its Opinion pursuant to Pa.R.A.P. 1925(a) on September 24, 2020.

In its Opinion, the court summarized the relevant facts pertaining to both incidents as follows:

---

[1] 75 Pa.C.S.A. § 1543(b)(1)(ii).

### a. **First Incident**

Pennsylvania State Police Trooper Andrew Reid (hereinafter "Reid") first came into contact with Appellant around 1 A.M. on March 8, 2020. Trooper Reid was traveling north on Route 11, Guilford Township. Franklin County, Pennsylvania when he got behind a red Audi that had an expired registration. *See* Notes of Testimony, 7/30/2020, at 6.[6] Trooper Reid conducted a traffic stop on the vehicle and the driver "immediately identified himself as Jordan Schooley[7] and related that he knew why I pulled him over and it was because the registration was expired and that he did not have a current license." Id. Trooper Reid obtained Appellant's information and verified that Appellant was Jordan Schooley, that Appellant's license was suspended (DUI related), and that the vehicle registration was expired. *See* N.T., at 6-7. [2] Following this, Trooper Reid issued Appellant his first citation for Driving While Operating Privilege is Suspended or Revoked and advised Appellant to find an alternate way to his destination. *See* N.T., at 7.

### b. **Second Incident**

Trooper Reid testified that the second incident occurred approximately twenty (20) hours later on March 8, 2020. Id. Trooper Reid was dispatched to Peters Township, Franklin County, Pennsylvania for an abandoned vehicle. Id. When he arrived on scene, he determined the car to be the same red Audi that he had pulled over earlier that day. Id. Appellant was not present in the car at this time. Id. Trooper Reid spoke with the Complainant/Witness, Michelle Coursey, and ran the tag of the vehicle. *See* N.T., at 8. The tag came back as a match to the same car Trooper Reid had previously pulled over and the registration was still expired. Id. In his investigation, Trooper Reid ran Appellant's driving record, which the Commonwealth presented at trial as Commonwealth's Exhibit 1. *See* N.T., at 9. Trooper Reid confirmed that Appellant's license was suspended on

---

[2] The record reveals that Appellant had a prior Driving While Operating Privilege is Suspended or Revoked conviction in October of 2017. ***See*** Commonwealth's Exhibit 1, Appellant's Certified Driving History, at 5.

March 8, 2020 due to a DUI license suspension. Id. The last time Appellant had a valid license was January of 2012. Id.

Michelle Coursey (hereinafter "Coursey") also testified on behalf of the Commonwealth. Coursey resides at 10830 Elter Avenue in Mercersberg, Pennsylvania.[8] *See* N.T., at 11. Coursey testified that it was approximately 10:30 P.M. when a young man who "looked messed up on something" knocked on her door. Id. Coursey ultimately identified Appellant as the young man who came to her door. *See* N.T., at 13. Coursey stated she opened the door and Appellant stated to her that he had run out of gas and asked if she would help him. *See* N.T., at 11. Coursey related that she did not have any gas and that she had called the police to help him and/or transport him to get some gas. Id. Appellant told Coursey that the police would not help him because he did not have a driver's license. Id. Appellant then went back to the red Audi, grabbed a duffle bag out of the car and ran into the field across the street. *See* N.T., at 12. Coursey testified she did not think Appellant had actually run out of gas, as he backed the car into their driveway. Id. Coursey stated that she did not see him physically driving the vehicle, but she did see him in the vehicle and the keys were in the ignition. *See* N.T., at 14-15. Additionally, Coursey testified that Appellant was alone and no one else was with him. *See* N.T., at 16.

_____
[6]Hereinafter, "N.T., at"
[7]Appellant in this matter.
[8]Mercersberg is located within Franklin County.

Trial Court Opinion, filed 9/24/20, at 4-5.

In his brief, Appellant raises the following questions for this Court's review:

> I.    Was the evidence presented by the Commonwealth at Summary Appeal Trial insufficient to prove beyond a reasonable doubt that [Appellant] was guilty of Driving While Operating Privilege Is Suspended or Revoked?
>
> II.   Was the verdict finding [Appellant] guilty of Driving While Operating Privilege Is Suspended or Revoked against the weight of the evidence?

Brief of Appellant at 6.

This Court previously discussed the applicable standards of review as follows:

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.
>
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence[ ] concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

***Commonwealth v. Rivera***, 238 A.3d 482, 495–96 (Pa.Super. 2020) (citation omitted).

Before we address the merits of Appellant's sufficiency and weight of the evidence challenges herein, we must determine whether he has preserved them for our review. *See Commonwealth v. Richard*, 150 A.3d 504, 517 (Pa.Super. 2016). Initially, the trial court found that Appellant had waived his challenge to the sufficiency of the evidence for his failure to state which element or elements the Commonwealth had failed to prove beyond a reasonable doubt. Trial Court Opinion filed 9/24/20, at 2-3. The trial court also found Appellant's weight of the evidence challenge waived because Appellant did not raise an oral motion prior to sentencing at his summary appeal hearing. *Id*. at 7.

With regard to Appellant's sufficiency of the evidence claim,

> [w]e have repeatedly held that [i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's [Rule] 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. ... Therefore, when an appellant's 1925(b) statement fails to specify the element or elements upon which the evidence was insufficient[,] ... the sufficiency issue is waived on appeal. Such specificity is of particular importance in cases where[ ] the appellant was convicted of multiple crimes[,] each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Rivera*, *supra* at 496 (citations and quotation marks omitted).

Section 1543 of the Motor Vehicle Code provides, in relevant part, as follows:

> (**a) Offense defined**.—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the

- 6 -

operating privilege has been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200.

> **(b) Certain offenses.--**
>   (1) The following shall apply:
>     (i) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.
>     (ii) A second violation of this paragraph shall constitute a summary offense and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for not less than 90 days.

75 Pa.C.S.A. 1543(a)-(b).

In his concise statement, Appellant alleged: "The evidence presented by the Commonwealth at summary appeal trial was insufficient to sustain **a conviction** for Driving While Operating Privilege Is Suspended or Revoked." **See** Concise Statement of Matters Complained of on Appeal, filed 9/16/20, at ¶ 1 (emphasis added).

As the trial court finds, this allegation fails to specifically articulate the element of the crime for which he believes the evidence had been insufficient. Trial Court Opinion, filed 9/24/20, at 3. **See also Rivera, supra**. This failure

is especially significant herein were Appellant was charged with and convicted of two distinct counts of Driving While Operating Privilege is Suspended or Revoked, yet Appellant's concise statement challenges only the evidence to sustain "a conviction" thereof. Therefore, we agree with the trial court that Appellant has waived his challenge to the sufficiency of the evidence, for he not only failed to specify the element or elements that were allegedly not sufficiently established but he also failed to clarify which conviction arising from March 8, 2020, he wished to challenge.[3]

_____

[3] Even if Appellant's Pa.R.A.P. 1925(b) statement could be read to preserve a challenge to the sufficiency of the evidence, we would agree with the trial court's decision on this issue.

> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder, which was the court herein, unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. Tarrach**, 42 A.3d 342, 345 (Pa.Super. 2013) (citations omitted).

In its alternative analysis of the merits, the trial court concluded as follows:

> Viewing the facts presented in the light most favorable to the Commonwealth as the verdict winner, there is sufficient evidence to support our finding that the vehicle was in fact driven on the roads of the Commonwealth, Appellant was driving the

_____

vehicle during both incidents, and his license was suspended during both incidents. The testimony provided by Trooper Reid and Michelle Coursey provided both direct and circumstantial evidence that [Appellant] had driven a motor vehicle while his operator's privilege was suspended or revoked in direct violation of the statute. As we stated on the record following the summary appeal trial;

> To [the [c]ourt] it is obvious that [Appellant] was the driver of both vehicles. He was seen, I believe the Trooper said, around 1:00 A.M. operating the vehicle. The trooper cited him and told him not to drive anywhere. He had to find another way to get to his destination. And then 20 hours later, [Appellant] is observed in and around the same vehicle.
>
> [Appellant] admits to the Complainant that he ran out of gas. The vehicle got into her driveway. Either he pushed it because it was out of gas or it was driven into this position by [Appellant].
>
> As far as the [c]ourt is concerned it doesn't matter. [Appellant] said he was out of gas. [Appellant] was there with the vehicle. The keys were in the ignition. To [the [c]ourt]. . . the only reasonable inference to draw from these circumstances is that [Appellant] was operating the vehicle.
>
> And the [c]ourt is also satisfied that he had no license to operate the vehicle at the time. So the [c]ourt is going to find [Appellant] guilty on both dockets.

See N.T., at 20-21.

Trial Court Opinion, filed 9/24/20, at 6.

Upon review, even if Appellant had not waived his sufficiency claim, we discern no abuse of discretion on the part of the trial court. Accordingly, Appellant is not entitled to relief on this issue.

When considering Appellant's weight of the evidence claim, we are mindful that typically:

> [a] **weight** of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion.

*Riviera* at 497 (citations omitted).

At the outset, we observe that post-sentence motions are prohibited in summary appeals following a trial *de novo*. **See** Pa.R.Crim.P. 720(D) (stating that "[t]here shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas."). However, while Pa.R.Crim.P. 720(D) prohibits preservation of a weight of the evidence claim via post-sentence motion, it does not vitiate a defendant's responsibility to preserve such challenges before the trial court. **See Commonwealth v. Dougherty**, 679 A.2d 779, 784 (Pa.Super. 1994) (stating that appellant's challenge to the weight of the evidence in a summary appeal was preserved where the "trial [court] explicitly addressed ... weight of the evidence at the close of appellant's trial[,]" in the absence of post-sentence motions).

Additionally, Pa.R.Crim.P. 607(A) states that a challenge to the weight of the evidence may be preserved orally, on the record, or by written motion at any time before sentencing. *See* Pa.R.Crim.P. 607(A)(1), (2); *see also* Pa.R.Crim.P. 607 Cmt. (stating "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.").

Herein, as the trial court states, Appellant did not raise a challenge to the weight of the evidence claim in a pre-sentence motion, nor did he address this issue orally prior to or during sentencing. Thus, we again agree with the trial court's finding that Appellant waived any challenge to the verdict as against the weight of the evidence. *See* Pa.R.Crim.P. 607(A); *see also* *Commonwealth v. Sherwood*, 983 A.3d 483, 494 (Pa. 2009) (stating that a challenge to the weight of the evidence is waived unless it is first presented to the trial court); *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (stating that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous[.]").

In light of all of the foregoing, we deem the issues Appellant attempts to raise herein to be waived and affirm his judgment of sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/15/2021