J-S05024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID FINK | : | |
| | : | |
| Appellant | : | No. 690 WDA 2023 |

Appeal from the Judgment of Sentence Entered June 9, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0000433-2023

BEFORE: PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                                    **FILED: April 26, 2024**

Appellant, David Fink, appeals *pro se* from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial conviction for failing to stop at a stop sign.[1]  We affirm.

The trial court opinion set forth the relevant facts of this appeal as follows:

> … Officer Kyle Taylor, with the Brentwood Borough Police Department, testified that he observed [Appellant] fail to stop at a stop sign on February 19, 2023, at approximately 9:35 p.m.  Officer Taylor was parked in an unmarked vehicle located on Kaplan Avenue, facing Greenlee Road, coming up Route 51.  He observed [Appellant's] vehicle drive up Greenlee Road and slowly approach the three-way intersection, then accelerate a little as it went through the stop sign.  [Appellant] was driving and did not stop at the stop sign. Instead, he accelerated through it.

---

[1] 75 Pa.C.S.A. § 3323(b).

[Appellant] testified during the hearing [before the trial court]. His defense was that the traffic citation lists the intersection of Bremen Avenue and Greenlee Road and there is no stop sign at this intersection. [Appellant] did not dispute that he drove through a stop sign at Greenlee Road and Kaplan Avenue, but he argued that the stop sign was not at the location that was written on his citation.

(Trial Court Opinion, filed 10/25/23, at 2) (record citations omitted) (unnumbered).

The trial court opinion set forth the remaining procedural history of this appeal as follows:

[Appellant] filed a summary appeal from a conviction in the magisterial district court for failing to stop at a stop sign, in violation of 75 Pa.C.S.A. § 3323. [The trial] court found [Appellant] guilty following a *de novo* trial on June 9, 2023, and imposed a fine of $25.00, plus court costs. [Appellant] filed a timely [*pro se* notice of] appeal to the Pennsylvania Superior Court on June 14, 2023. On June 2[8], 2023, [the trial] court ordered [Appellant] to file a [Pa.R.A.P.] 1925(b) statement of the errors complained of on appeal within 21 days. [Appellant] filed a motion for an extension on July 11, 2023, since the trial transcript had not been filed. He was granted an extension. … [Appellant] filed his [Rule] 1925(b) statement on August 1, 2023.

(**_Id._** at 1) (unnumbered) (some capitalization omitted).

Appellant now raises five issues for our review:

Were my rights to a fair procedural due process violated?

Were there discrepancies between the hearing before [the trial court] and the transcript?

Is there a stop sign at the intersection cited, Greenlee and Bremen?

Did [the trial court] state in [its] opinion dated and filed October 23, 2023, that I had admitted to not stopping at the

- 2 -

stop sign at Kaplan and Greenlee?

Did [the trial court] find me guilty of failure to stop at a non-existing stop sign at Bremen and Greenlee Roads in Brentwood Pa.?

(Appellant's Brief at 5-6).

On appeal, Appellant argues that the trial court misconstrued his testimony regarding whether he failed to stop at the stop sign at the intersection of Kaplan Avenue and Greenlee Road.[2] Appellant denies the court's assertion that Appellant "never disputed that [he] failed to stop at a stop sign at Kaplan and Greenlee[.]" (*Id.* at 9). Appellant insists that he "only testified to the intersection at Bremen and Greenlee which [he] was cited for[.]" (*Id.*) Appellant maintains that the court should have afforded him the opportunity to present additional evidence to demonstrate that there was no stop sign at the intersection of Bremen Avenue and Greenlee Road. Further, Appellant baldly asserts that the court found him guilty because he refused to enter a guilty plea to a lesser offense. Appellant effectively concludes that the Commonwealth presented insufficient evidence to support the conviction, and

---

[2] We note that the argument section of Appellant's brief is not divided into separate parts that correspond to each issue presented in the statement of questions involved. *See* Pa.R.A.P. 2119(a) (stating: "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part … the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). Nevertheless, this briefing defect has not hampered our ability to conduct meaningful appellate review of the one issue Appellant has developed in his brief.

the verdict was against the weight of evidence.[3]  We disagree.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.  Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.  Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty.  Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence.  Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence.  Significantly, we may not substitute our judgment for that

_____

[3] "Ordinarily, a challenge to the weight of the evidence is waived unless it is presented in the first instance to the trial court.  Preservation of this type of claim normally takes the form of a post-sentence motion.  However, a defendant convicted of a summary offense is precluded from filing any post-sentence motions."  **Commonwealth v. Dougherty**, 679 A.2d 779, 784 (Pa.Super. 1996).  **See also** Pa.R.Crim.P. 720(D) (stating there shall be no post-sentence motion in summary case appeals following trial *de novo*).  Here, Appellant did not have the opportunity to file a post-sentence motion following the trial court's *de novo* review of the summary appeal.  Consequently, we decline to find Appellant's issue waived on this basis. **See Dougherty, supra** at 784-85 (declining to find weight issue waived on appeal following *de novo* review of summary offense; noting it would be unjust to deprive appellant of right to raise weight issue on grounds he failed to file motion he was not entitled to file; moreover, trial court explicitly addressed credibility and weight of evidence in its written opinion).

of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

***Commonwealth v. Sebolka***, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting ***Commonwealth v. Franklin***, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

Our standard of review regarding challenges to the weight of the evidence is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the … verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> ***Commonwealth v. Small***, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted). We have also explained:

> [A] new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial court is to determine that notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal

weight with all the facts, is to deny justice.

***Commonwealth v. Landis***, 89 A.3d 694, 699 (Pa.Super. 2014) (quoting

***Commonwealth v. Rivera***, 603 Pa. 340, 362, 983 A.2d 1211, 1225 (2009)).

Additionally, the Motor Vehicle Code provides, in relevant part, as follows:

**§ 3323.  Stop signs and yield signs**

\*     \*     \*

**(b)  Duties at stop signs.**—Except when directed to proceed by a police officer or appropriately attired persons authorized to direct, control or regulate traffic, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line or, if no stop line is present, before entering a crosswalk on the near side of the intersection or, if no crosswalk is present, then at the point nearest the intersecting roadway where the driver has a clear view of approaching traffic on the intersecting roadway before entering.  If, after stopping at a crosswalk or clearly marked stop line, a driver does not have a clear view of approaching traffic, the driver shall after yielding the right-of-way to any pedestrian in the crosswalk slowly pull forward from the stopped position to a point where the driver has a clear view of approaching traffic.  The driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute a hazard during the time when the driver is moving across or within the intersection or junction of roadways and enter the intersection when it is safe to do so.

75 Pa.C.S.A. § 3323(b).

Instantly, Officer Taylor was sitting in his unmarked patrol car on Kaplan Avenue, and he was facing the intersection of Kaplan Avenue and Greenlee Road.  Officer Taylor noticed Appellant's vehicle traveling down Greenlee Road "at a slow rate of speed."  (N.T. Trial, 6/9/23, at 7).  Appellant's vehicle

approached the "three-way stop intersection," where there is a "bend" in Greenlee Road. (*Id.* at 7, 9). Officer Taylor stated: "Coming up to the stop sign, [Appellant] actually accelerated through the stop sign and the intersection." (*Id.* at 9). In response, Appellant testified: "If you look at the ticket it says Greenlee and Bremen. There is no stop sign at Greenlee and Bremen. We never approached Greenlee and Bremen and went through a stop sign." (*Id.* at 14).

The parties subsequently engaged in the following exchange:

THE COURT: Officer Taylor said that [Appellant] approached at a slow rate of speed. He was parked. I don't know if you remember parked.

[APPELLANT]: Yes, he was.

THE COURT: What was that, Kaplan?

[APPELLANT]: Kaplan and Greenlee.

THE COURT: Is there a stop sign at Kaplan?

[APPELLANT]: There is. That's a three stop sign—

THE OFFICER: That's the one that he went through.

THE COURT: Okay.

[APPELLANT]: The ticket shows Bremen and Greenlee. We did not—we stopped at Kaplan. We were having a discussion about our house fire, we were not going fast.

THE COURT: Well, so you didn't have to be moving in and of itself, the rule is you stop at a stop sign.

[APPELLANT]: There is no stop sign at Bremen and Greenlee.

[THE COURT]: I got you. But you didn't stop at the stop sign at Kaplan?

[APPELLANT]: But that's not what is on the citation. Do you want—

(***Id.*** at 14-15). At that point, the court found Appellant guilty.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, sufficient evidence supported Appellant's conviction. ***See Sebolka, supra***. Officer Taylor unequivocally testified that Appellant failed to stop at the stop sign at the intersection of Kaplan Avenue and Greenlee Road, thereby establishing a violation of Section 3323(b). ***See*** 75 Pa.C.S.A. § 3323(b). The trial court found Officer Taylor's testimony credible. (***See*** Trial Court Opinion at 3) (unnumbered). Although the court considered Appellant's argument that the citation listed the offense as having occurred at the intersection of Bremen Avenue and Greenlee Road, the court found any error on the citation to be "*de minimis*." (***Id.*** at 2) (unnumbered). Following our review, we discern no abuse of discretion in the trial court's weighing of the evidence. ***See Champney, supra***; ***Landis, supra***. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


FILED: <u>4/26/2024</u>